IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA M. OLIVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:22-CV-02512 |
| | ) |
| v. | ) Hon. Steven C. Seeger |
| | ) |
| | ) Hon. Presid. Magis. Judge Maria Valdez |
| MENARD, INC. | ) |
| | ) |
| Defendant. | ) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.     Nature of the Case**

    A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

Plaintiff's attorney is:

Timothy J. Deffet (lead counsel)
tim@timdeffetlaw.com
ARDC#6255823
Timothy J. Deffet
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave, #231
Chicago, IL 60659
(773) 627-4719

Defendant's attorneys are:

<u>W. Anthony Andrews (lead counsel)</u>
wandrews@ottosenlaw.com
<u>Megan Lamb</u>
mlamb@ottosenlaw.com
<u>John Motylinski</u>
jmotylinski@ottosenlaw.com
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
T:630-682-0085

B. State the basis for federal jurisdiction: Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

Plaintiff is a resident of Oak Lawn, Cook County, Illinois.

Defendant, MENARD, INC. was, and remains, a foreign corporation organized under the laws of Wisconsin, having its principal place of business at 5101 MENARD DR EAU CLAIRE WI 54703.

C. Provide a short overview of the case in plain English (five sentences or less).

Plaintiff asserts she was at Menard's located at 6851 West 159th Street, Tinley Park, Cook County, Illinois 60477) when a yellow band got caught around her right foot and ankle causing her to fall and incur injuries including a complex tear of the posterior horn and body of her right medial meniscus, necessitating right knee arthroscopy, therapy, medical bills and lost time. Plaintiff brought suit against Menard's for negligence. Menard denies it was negligent in any way.

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff asserts that Defendant negligently created and allowed a dangerous condition to exist on its property, which caused her to fall. Defendant has signed a waiver of service and will assert its defenses when it files its Answer to the Complaint, due July 8, 2022.

E. What are the principal factual issues?

<u>Plaintiff's position</u>
Plaintiff asserts she was at Menard's located at 6851 West 159th Street, Tinley Park, Cook County, Illinois 60477) when a yellow band got caught around her right foot and ankle causing her to fall and incur injuries including a complex tear of the posterior horn and body of her right medial meniscus, necessitating right knee arthroscopy, therapy, medical bills and lost time. Defendant has video of same which they have promised to give Plaintiff.

2

    Defendant's position
- Whether any of Menard's conduct caused Plaintiff to fall.
- Whether all of Plaintiff's alleged damages and injuries were caused by her fall.
- The nature and extent of Plaintiff's damages and injuries.

  F.  What are the principal legal issues?

  Plaintiff asserts that Defendant negligently created and allowed a dangerous condition to exist on its property, which caused her to fall.

  Defendant anticipates asserting affirmative defenses in its Answer to Plaintiff's Complaint, due before this Court July 8, 2022. Defendant asserts, at a minimum, at issue is the alleged negligence of the Defendant, as well as the comparative fault of the Plaintiff.

  G.  What relief is the plaintiff(s) seeking? Quantify the damages, if any.
(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

  Discovery has not even begun, but Plaintiff at the current time is seeking damages in excess of $75,000, which may include but will not be limited to, lost time of over $6,000, medical bills of likely over $50,000, the reasonable expenses of necessary past and future medical care, treatment, and services, the emotional distress experienced as a result of the injuries and to be experienced in the future as a result of the injuries, the pain and suffering experienced as a result of the injuries and to reasonably certain to be experienced in the future as a result of the injuries, the loss of a normal life experienced and the loss of a normal life reasonably certain to be experienced in the future.

  H.  Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

  Yes, the only defendant (Menard) has filed a waiver of service.

**II.  Discovery**

  A.  Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

  Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

| Event | Deadline |
|---|---|
| Amendment to the pleadings | November 15, 2023 |
| Service of process on any "John Does" | NA |
| Completion of Fact Discovery | February 15, 2023 (Defendant asserts exclusive of oral medical discovery, Plaintiff does not agree) |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery (insert a date certain): March 12, 2023 |
| Deposition of Plaintiff's Expert | May 24, 2023 |
| Disclosure of Defendant's Expert Report(s) | If needed, by June 30, 2023 |
| Deposition of Defendant's Expert | July 30, 2023 |
| Dispositive Motions | One month after the close of expert discovery (insert a date certain) August 30, 2023 |

    B.    How many depositions do the parties expect to take?

Plaintiff anticipates taking approximately 4-5 fact depositions (no depositions have been scheduled or taken place yet) and Defendant anticipates 3-4 at the present time.

Defendant's position on deposition length

The Defendant suggests that no deposition of no witness, with the exception of Plaintiff's deposition, shall extend beyond three hours.

Plaintiff's position on deposition length

Plaintiff does not agree that any deposition, except for the Plaintiff, be limited to three hours, especially since Defendant appears to be suggesting their Defendant witnesses be limited to three hours. Plaintiff is economical in taking depositions but does not want a rote rule. Each deposition presents its own merits on whether to go beyond three hours.

    C.    Do the parties foresee any special issues during discovery?

Defendant's position

Defendant proposes that the Court bifurcate discovery in this matter between liability and damages components. Defendant suggests that written discovery be conducted on both damages and liability issues. Thereafter, the parties would engage in oral and expert discovery on liability issues. After the closure of liability discovery, Defendant's sole dispositive motion

4

would be due. Defendant will not advance a motion for summary judgment on damages grounds. If Defendant's motion for summary judgment is denied, or if Defendant decides to forego such a motion, then the Court would set deadlines for oral and expert discovery concerning damages. Defendant believes this plan promotes judicial economy in that the parties will avoid expending needless time, money, and effort conducting discovery on damages issues if there is no liability in the first instance.

<u>Plaintiff's position</u>
Plaintiff does not agree to any bifurcation of discovery as damages, at a minimum, are important to a case and proceeding with discovery informs the parties of the value of a case, and promotes earlier possible resolution. Nothing is mentioned in the FRCP about staggering discovery, and that's because it is unnecessary. In addition, this method could literally double the attorney's fees (taking two depositions for multiple witnesses for example), double the court time (could be multiple motions for summary judgment), evades the 7 hour dep requirement, and violates the FRCP default position that discovery can proceed in any order at the discretion of the lawyer.

D. Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

**Discovery and Proposed Fact Discovery Cut-Off and Expert Discovery Schedule**

**a) Informal discovery**

Plaintiff has already disclosed all medical records and bills in her possession but will supplement further bills and records she is obtaining. Defendant will share the surveillance footage with Plaintiff's counsel shortly.

**b) Formal discovery**

The parties also anticipate conducting the following discovery:
1. The parties anticipate the exchange of 26(a)(1) disclosures no later than July 29, 2022.
2. The parties agree to serve Initial Interrogatories and Requests for Production by July15, 2022 and answering by August 16, 2022;
3. The parties anticipate and agree that they will need approximately 8 months, up to, and including February 15, 2023, to complete fact discovery and request same;
4. Electronic Discovery

The parties agree to the following procedure with regard to electronic discovery. All written interrogatories, requests for admissions, and requests for production shall be provided to opposing counsel via email in Word form, and all responses to said discovery shall be provided via email in PDF form with all responsive documents attached in electronic form. To the extent that it may be necessary, the parties agree that more voluminous documentation may be provided in electronic form through file sharing software, or on thumb drives and/or CD/DVD-roms. Electronically stored information that can be reasonably be anticipated to be relevant to the litigation will be preserved. If a conflict / disagreement arises, the parties will meet and confer concerning provisions for discovery or disclosure of electronically stored information. If the parties cannot resolve the conflict/ disagreement, the parties will bring an appropriate motion.

      **c) Expert Witness Disclosures**
The parties request the Court set expert witness disclosure deadlines after the fact discovery cut-off and anticipate that there may be treater experts and other experts at a minimum.

**III.**    **Trial**

      A.    Have any of the parties demanded a jury trial? Not as of yet.

      B.    Estimate the length of trial.
             Parties anticipate 4-5 days.

**IV.**    **Settlement, Referrals, and Consent**

      A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

      Plaintiff is awaiting final bills from hospital where she had her knee operation, as well as some other bills and records. Once she has those, she will submit a demand. At this juncture, the parties do not feel that a settlement conference would be productive due to lack of discovery and a developed factual record.

      B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge? Not at this time.

      C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

      The parties do not unanimously consent to proceeding before a Magistrate Judge at this time.

**V.**    **Other**

      A.    Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.) No.

      B.    Is there anything else that the defendant(s) wants the Court to know? (Please be brief.) No.

                                       By: /s/ Timothy J. Deffet
                                       ARDC#6255823
                                       Timothy J. Deffet
                                       The Law Office of Timothy J. Deffet

5875 N. Lincoln Ave, #231
Chicago, IL 60659
(773) 627-4719
tim@timdeffetlaw.com
Attorney for PLAINTIFF

By: /s/ W. Anthony Andrews
W. Anthony Andrews
wandrews@ottosenlaw.com
Megan Lamb
mlamb@ottosenlaw.com
John Motylinski
jmotylinski@ottosenlaw.com
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
T:630-682-0085
Attorneys for Defendant