**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RHONDA M. OLIVA, | |
| Plaintiff, | Case No. 1:22-cv-02512 |
| | Honorable Steven C. Seeger |
| v. | |
| MENARD, INC. d/b/a MENARDS, | Honorable Maria Valdez |
| Defendant. | Magistrate Judge |

### Amended MOTION TO COMPEL PLAINTIFF'S IN-PERSON DEPOSITION

NOW COMES Defendant, MENARD, INC. d/b/a MENARDS, through undersigned counsel, for its Motion to Compel Plaintiff, RHONDA M. OLIVA's in-person deposition, pursuant to Fed. R. Civ. P. 37(a), states as follows:

1.      The case arises out of Plaintiff's June 16, 2020, trip and fall over a plastic strapping band at Menard's hardware store in Tinley Park, Illinois.

2.      On July 6, 2022, the Court set a discovery schedule, which ordered fact discovery closed on February 15, 2023.

3.      Menard desires to take Plaintiff's deposition.

4.      Since at least October 4, 2022, counsel for Menard has been trying to secure Plaintiff's in-person deposition. However, Plaintiff's counsel has said "I don't do any depositions in person" and would only set a "zoom dep only." (Email chain is attached)

5.      When the defendant offered to discuss "some reasonable safely measures to accommodate an in-person deposition" in October, the request was ignored.

6.      Following the resolution of written discovery disputes in November, defense counsel asked again about Plaintiff's deposition and the parties agreed to a date of December 16, 2022. Plaintiff's counsel advises that he had "agreed to that date as zoom only."

7.      Defense counsel called plaintiff's counsel on December 5, 2022, to meet and confer on the in-person deposition issue. Instead of participate Plaintiff's counsel hung up the phone (the entire call lasted 25 seconds).[1]

8.      Defense counsel asked again via email on December 5, 2022, "Is there any accommodation we can make to get her in-person?" to which plaintiff's counsel responded, "You can accommodate us by doing a zoom dep as I've said for the last 2 months."

9.      Defense counsel has tried to offer appropriate precautions, such as making disclosure of vaccination status, and social distancing. Unfortunately, Defense counsel's various concessions and suggestions for conducting an in-person deposition have been ignored.

10.     Fed. R. Civ. P. 30(b)(4) authorizes this Court in its discretion to order that a deposition "be taken by telephone or other remote means."  Fed. R. Civ. P. 30(b)(4).

11.     Rule 30(b)(4) leaves it to this Court's broad discretion over discovery to determine whether there is a legitimate reason to take a deposition by remote means under all the facts and circumstances of a given case. *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020).

12.     The decision whether to allow a remote deposition essentially involves a careful weighing of the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the deposition." *Id.* (citing *Learning Resources, Inc. v. Playgo Toys Enterprises Ltd.*, 2020 WL 3250723, at *3-4 (N.D. Ill. June 16, 2020)).

13.     Plaintiff has not asked the Court that her deposition proceed by remote video conference nor offered any explanation for his steadfast position other than general COVID concerns.

---

[1] This marks the second time plaintiff's counsel has prematurely terminated a meet and confer session, the first of which was in October during a conference on paper discovery issues.

14.     While remote depositions have permitted the legal profession to carry on in some capacity during stay-at-home orders, there are certainly disadvantages to the format.

15.     In particular, courts have noted that remote depositions "preclude in-person confrontation and the assessment of the deponent's demeanor, affect, non-verbal responses, and facial expressions." *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 586 (N.D. Fla. 2019).

16.     Moreover, "[a] remote deposition offers no guarantees or safeguards against improper conduct by the witness such as crib notes or signaled answers." *Kean v. Bd. Of Trs. Of the Three Rivers Reg'l Libr. Sys.*, 321 F.R.D. 448, 453 (S.D. Ga. 2017).

17.     Plaintiff's deposition is critical, and an in-person deposition is necessary to ensure fewer misunderstandings and miscommunications, provide the ability to read non-verbal cues, and avoid technical difficulties associated with proceeding remotely.

WHEREFORE, Defendant, MENARD, INC. d/b/a MENARDS, respectfully requests this Court grant its Motion to Compel Plaintiff's In-Person Deposition, ordering Plaintiff to appear for her deposition in-person at the offices of Defense Counsel, and grant such other relief as this Court deems just and proper.

Respectfully submitted,

**MENARD, INC.**

By: */s/ W. Anthony Andrews*
One of its Attorneys

OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
W. Anthony Andrews (ARDC # 6217267)
Joseph S. Davidson (ARDC # 6301581)
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com