**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Rhonda M. Oliva, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2022 CV 02512 |
| ) | |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |

**MENARD'S REPLY IN FAVOR OF ITS
MOTION TO COMPEL IN-PERSON DEPOSITION**

NOW COMES the Defendant, MENARD, INC., by and through its attorneys of Ottosen DiNolfo Hasenbalg & Castaldo, Ltd. and for its brief reply in support of its motion to compel the in-person deposition of the plaintiff, states as follows:

1. As the Court's Standing Order makes clear, "depositions are one of the most valuable parts of litigation." Menard seeks to take the in-person deposition of Plaintiff to be able to seamlessly display paper, digital, video exhibits, assess her character, veracity, and demeanor, to avoid surprises, and ultimately prepare for trial.

2. While there was a point in our recent history during which the risks of in-person depositions exceeded the benefits, that time has passed. We are no longer in a "worldwide pandemic" as cited by the plaintiff in her response. Notably every single case citation in the Plaintiff's Response comes from 2020 or 2021—the height of COVID and before vaccinations.

3. Current transmission rates, hospital capacity, death rates, are infinitesimally small compared to the peak of COVID in 2020. (*See* **Ex. 1**).

4. Other than an ordinary worry about contracting COVID, Plaintiff has not cited any health concerns that would make an in-person deposition unreasonable.

5.  Nor does Plaintiff appear to have any problem being in the vicinity of those without masks. In fact, when Plaintiff fell at Menard's Tinley Park store in the summer of 2020, neither her husband nor her mother were wearing masks:



6.  Sitting in a conference room in December of 2022, with a mask if she so chooses, six feet from the examiner exposes Plaintiff to no greater risk than she obviously assumed previously.

7.  Moreover, Menard stands prepared to accommodate any reasonable request to minimize transmission and exposure of *any* virus, including sharing his vaccination card, using the largest of our conference rooms or any other large space suggested, and/or remaining six feet away from Plaintiff if she so requests.

8.  In the end, Plaintiff's resistance to an in-person deposition stems from her counsel's desire for convenience. (**Ex. 2**).

9.  But this concern is of far less weight than Menard's interest in maximally assessing Plaintiff's character, veracity, and demeanor, and the only place that can happen is in person.

10. Thus, Menard requests the Court compel Plaintiff to sit for her deposition in person.

        Respectfully submitted,

        **OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.**

          */s/ W.  Anthony Andrews*
        _____
        W. Anthony Andrews
        Attorney for Defendant, Menard, Inc.


**OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.**
W. Anthony Andrews #6217267
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
Phone:  630-682-0085
Fax:  630-682-0788