UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Rhonda M Oliva
                    Plaintiff,

v.                                       Case No.: 1:22−cv−02512
                                                     Honorable Steven C. Seeger

Menard, Inc.
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, December 12, 2022:

      MINUTE entry before the Honorable Steven C. Seeger: The motion for a protective order by Defendant Menard's (Dckt. No. [29]) is hereby granted in part as follows. Topic #1 is overbroad to the extent that it requires testimony from the "[p]erson most knowledgeable" about the topic, as explained in this Court's Standing Order. The recipient of the 30(b)(6) deposition notice gets to select the corporate representative. Menard's also reads Topic #1 to cover all "documents" about safety policies. "Conceivably, this Topic could require testimony on all documents ever produced concerning Menard's safety policies." This Court is not sure that it reads the request so broadly. It seems that Plaintiff wants to know what documents Menard's has, not what they say or what they mean. That said, this Court agrees that it would help for Plaintiff to give more of an explanation. And, this Court reminds the parties that the party taking a 30(b)(6) deposition must disclose the exhibits at least one week before the deposition, which may help the situation. Topic #2 covers "[a]ny and all written agreements" between Menard's and "companies or persons involved on the date of the incident." Menard's does not know what Plaintiff is getting at, and neither does this Court. Maybe there is a good explanation, but this Court does not know what it is. Topic #3 does appear to be duplicative of Topic #1, too. Topic #4 seeks information about "[a]ny and all time sheets, and information regarding people who were working in the store on the date of the occurrence." Does Plaintiff want Menard's to identify the employees who worked in that area? That would seem to be fair game, so that Plaintiff could identify potential witnesses. But a 30(b)(6) deposition may not be the best way to get it. If identifying witnesses is fair game (and it is), then written discovery seems better designed to elicit that information. Overall, the Court offers the following thought. Ordinarily, this Court would allow the non−moving party to file a response. But here, it seems that the parties have not made enough of an effort to tighten the requests and resolve objections through the meet and confer process. So, for now, the motion for a protective order is granted, without prejudice. If the parties try again, and really can't work it out, either party can file a motion. But given the nature of the case, this Court is confident that counsel should be able to figure a way out of the discovery escape room. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.