IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RHONDA M. OLIVA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:22-cv-02512 |
| v. | ) | In Excess of $50,000 |
| | ) | |
| MENARD, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, RHONDA M. OLIVA, by and through her attorney, TIMOTHY J. DEFFET of THE LAW OFFICE OF TIMOTHY J. DEFFET, and complaining of the Defendant, MENARD, INC., alleges as follows:

### COUNT I-NEGLIGENCE-MENARD, INC.

1. That on June 16, 2020, Plaintiff, RHONDA M. OLIVA (hereinafter "OLIVA"), was a resident of the city of Oak Lawn, Cook County, Illinois.

2. That on June 16, 2020, Defendant, MENARD, INC. (hereinafter "Defendant") owned, operated, maintained and controlled, a certain store commonly known as Menard's, which is located at 6851 West 159th Street, Tinley Park, Cook County, Illinois 60477 (hereinafter the "premises").

3. That on June 16, 2020, Defendant Menard, Inc. was, and remains, a foreign corporation organized under the laws of Wisconsin and licensed to conduct business in the State of Illinois.

4. That on the early evening of June 16, 2020, the plaintiff, OLIVA, arrived lawfully at the Defendant's premises with her husband and mother, as a customer.

5. That on June 16, 2020, at or about 7:00 P.M. OLIVA had initially left the store but went back into the premises through the garden center entrance/exit to use the restroom.

6. That on June 16, 2020, at or about 7:00 P.M., as OLIVA proceeded about 10 feet or so into the garden center entrance/exit of the premises, she felt something grab her right ankle/leg, causing her to twist her right knee/leg, which caused her to fall on her right knee, and right side, onto the ground.

7. That OLIVA, after her fall, saw that a circular yellow band, at least 12 inches in circumference, had wrapped around her right ankle/leg.

8. That Defendant's cashier then came over to her as she was on the floor, to see if she needed help, and OLIVA asked that the cashier get her husband, Alan P. Oliva, who was outside in the parking lot at the Defendant's premises.

9. That OLIVA's husband, Alan P. Oliva, then asked that Defendant's store manager to come speak to OLIVA and himself.

10. That the Defendant's store manager then had them come to the counter and fill out an incident report.

11. That when OLIVA was on the premises, she was in the exercise of due care and caution for her own safety.

12. That on June 16, 2020, there existed a dangerous condition on the said premises: namely the circular yellow band.

13. That on June 16, 2020, Plaintiff OLIVA was seriously injured as a result of the yellow band on the ground getting entangled on her foot as she walked.

14. That at all times relevant herein, the Defendant was subject to the International Property Maintenance Code, International Building Code and International Fire Code according to the Village of Tinley Park Municipal Code which has adopted same.

15. That at all times relevant herein, the Defendant owed a duty to exercise ordinary care in keeping its premises in a reasonably safe condition for the Plaintiff and all other persons lawfully on the premises.

16. That despite this duty aforesaid, the Defendant committed the following negligent acts and/or omissions:

   a. Caused the said dangerous condition to exist;

   b. Allowed the said dangerous condition to exist;

   c. Failed to repair the said dangerous condition;

   d. Failed to inspect its aisles/entrance/exit for dangerous conditions;

   e. Failed to warn customers of the said dangerous condition when, in the exercise of due care, it knew or should have known that it presented an unreasonable risk of harm;

   f. Failed to provide adequate lighting on the outside exit/entrance door of the premises and on the inside of the exit/entrance;

   g. Failed to provide a safe, and proper place for plaintiff to walk on while exiting/entering the premises;

   h. Failed to provide a safe means of ingress and egress from exit/entrance of the premises to the public way;

   i. Failed to inspect the premises to be certain it was in a safe and proper condition;

    j.    Failed to remove the yellow band from the floor to prevent injury to OLIVA before she came in contact with it and was injured;

    k.    Allowed the dangerous condition to exist for an unreasonable length of time;

    l.    Failed to remedy the dangerous condition by cleaning the floor in and around the garden center exit/entrance;

    m.    Failed to provide "a safe, continuous, and unobstructed path of travel from a point in a building or structure to the public way" in violation of Section 702.1 *Means of Egress-General* of the International Property Maintenance Code and the International Fire Code-Chapter 10, as adopted by the Village of Tinley Park Municipal Code;

    n.    Otherwise carelessly and negligently maintained and controlled the premises causing plaintiff to trip and fall.

17.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of the Defendant, the Plaintiff on June 16, 2020, did fall on the ground on the premises after the yellow band twisted her right ankle/leg and was caused to suffer injuries, both personal and pecuniary, including a complex tear of the posterior horn and body of her right medial meniscus, necessitating right knee arthroscopy, all being past, present, and future, including but not limited to medical expenses, pain and suffering, loss of a normal life, disability, disfigurement and loss of income.

WHEREFORE, the Plaintiff, RHONDA M. OLIVA, demands judgment against the Defendant, MENARD, INC., in an amount in excess of $50,000 and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II-SPOLIATION-MENARD, INC

1.    That on June 16, 2020, Plaintiff, RHONDA M. OLIVA (hereinafter "OLIVA"), was a resident of the city of Oak Lawn, Cook County, Illinois.

2.    That on June 16, 2020, Defendant, MENARD, INC. (hereinafter "Defendant") owned, operated, maintained and controlled, a certain store commonly known as

4

Menard's, which is located at 6851 West 159th Street, Tinley Park, Cook County, Illinois 60477 (hereinafter the "premises").

3. That on June 16, 2020, Defendant Menard, Inc. was, and remains, a foreign corporation organized under the laws of Wisconsin and licensed to conduct business in the State of Illinois.

4. That on the early evening of June 16, 2020, the plaintiff, OLIVA, arrived lawfully at the Defendant's premises with her husband and mother, as a customer.

5. That on June 16, 2020, at or about 7:00 P.M. OLIVA had initially left the store but went back into the premises through the garden center entrance/exit to use the restroom.

6. That on June 16, 2020, at or about 7:00 P.M., as OLIVA proceeded about 10 feet or so into the garden center entrance/exit of the premises, she felt something grab her right ankle/leg, causing her to twist her right knee/leg, which caused her to fall on her right knee, and right side, onto the ground.

7. That OLIVA, after her fall, saw that a circular yellow band, at least 12 inches in circumference, had wrapped around her right ankle/leg.

8. That Defendant's cashier then came over to her as she was on the floor, to see if she needed help, and OLIVA asked that the cashier get her husband, Alan P. Oliva, who was outside in the parking lot at the Defendant's premises.

9. That OLIVA's husband, Alan P. Oliva, then asked that Defendant's store manager to come speak to OLIVA and himself.

10. That the Defendant's store manager then had them come to the counter and fill out an incident report.

11. That when OLIVA was on the premises, she was in the exercise of due care and caution for her own safety.

12. That on June 16, 2020, there existed a dangerous condition on the said premises: namely the circular yellow band.

13. That on June 16, 2020, Plaintiff OLIVA was seriously injured as a result of the yellow band on the ground getting entangled on her foot as she walked.

14. That at all times relevant herein, Defendant's premises was equipped with a video camera system that had at least 30 video cameras.

15. That at all times relevant herein, Defendant had what it called an *Accident & Injury Reporting - Policy & Procedure #181* which states in pertinent part:

    **I.D3:**
    Video Evidence: All accidents **MUST** have video evidence submitted for saving. The Front End Manager completing the Online Claim Report must also complete the Insurance Video Request using the 1st Incident Report program. Video must be submitted within 24 hours of the accident being reported. All insurance video requests should be logged as, Save Only. If copies of the insurance video are needed by anyone, requests can be submitted in writing to your division's Legal Department at the below address: 5101 Menard Drive
    Eau Claire WI 54703

16. That at all times relevant herein, Defendant had what it called an *Accident & Injury Reporting - Policy & Procedure #181* which states in pertinent part:

    **ID4:**
    Physical Evidence: any physical evidence related to an insurance claim needs to be preserved. Any physical evidence that can be saved should be sent to the Corporate Legal Department for preservation as described below.
    a. Email the following information to the Warranty Center Manager at the distribution center receiving the back haul. Carbon copy wrtyuser@menards.net and a paralegal from the Corporate Legal Department on the email. Print a copy of the email and secure it to the evidence, include:
    i. Claimant's full name
    ii. Incident date and claim number
    iii. Brief description of the evidence
    iv. Trailer number
    v. Any additional evidence that may be necessary to ensure proper preservation of the evidence
    b. Merchandise: if the evidence is a product sold by Menards also record a description of the item including: the SKU, the model number, the vendor and the manufacturer in the Online Claim Report.

> **To ensure proper handling, send all items that need to be preserved as evidence on a separate pallet. DO NOT INCLUDE items to be preserved as evidence on pallets with defect items or any other items you are returning to the Distribution Center.**
> 5. If physical evidence cannot be preserved, save any available descriptive evidence referenced in this section as well as photographs of the relevant physical evidence

17. That at all times relevant herein, the video camera system recorded the areas of the premises relevant to the incident.

18. That Defendant manager Katherine Riemer picked up, and wrapped the yellow band, around her arm, after speaking with Plaintiff at the scene of the incident, but did not preserve it which is in violation of an *Accident & Injury Reporting - Policy & Procedure #181* **ID4** cited above.

19. In addition, Defendant employees are taught to always save the videos, and in fact, Defendant manager Katherine Riemer was taught to fill out the incident reports, save the videos and GALLAGHER BASSETT SERVICES, INC. would also save them along with the video time-stamps of same.

20. That on June 29, 2020, Plaintiff sent a certified letter to GALLAGHER BASSETT SERVICES, INC. which stated the following in pertinent part:

> This letter will confirm I represent Rhonda Oliva in connection with an accident that occurred on June 16, 2020 in your store. It is my understanding there is some form of video camera recorded this incident. The purpose of this letter is to request that Menards, its employees, agents, and third-parties, maintain and preserve any and all videotapes, recordings, photographs, digital images, or video obtained via any surveillance, or other camera mounted near the incident from June 16, 2020. The materials should be maintained in their current condition, without any destructive testing, alteration, sale or loss of any videotapes or recordings. Kindly contact my office to make arrangements for duplication of any videotape or digital footage.Thank you in advance for your anticipated cooperation and attention in this matter.

21. On July 10, 2020, GALLAGHER BASSETT SERVICES, INC. adjuster/resolution manager Melanie Jackson sent a response letter indicating that she received Plaintiff's June 29, 2020 letter on July 2, 2020, and wrote the following:

7

This will acknowledge receipt of your correspondence and lien, received by our office 07/02/2020, regarding the above captioned claim. Please be advised this file will be handled by the undersigned. Kindly direct all future correspondence to my attention at the address below.

So that we may document the claim, please forward the following information for your client, Rhonda Oliva:

1. Name and address of employer
2. Wage loss and documentation
3. Name and address of all treating physicians
4. Signed authorization for medical information
5. Social Security
6. All medical bills and reports gathered
7. Recorded interview

With reference to coverage of the matter, please provide your theory of liability. As for any and all information collected regarding this matter, ie, vide and photographs, these items will only be released via discovery.

Thanks in advance.

Sincerely,

*Melanie Jackson, SCLA*
Resolution Manager

22. That Plaintiff filed her case on May 12, 2022 in the Northern District of Illinois.

23. That Defendant Menard, Inc.'s defense counsel emailed what it purported to be the full video evidence to Plaintiff on July 6, 2022.

24. That said videos Defendant provided show only approximately seven minutes before the fall occurring, the fall itself, and through the Plaintiff leaving the Menard, Inc. premises.

25. That Plaintiff has asked repeatedly in discovery for Defendant to produce video from 24 hours before the fall and Defendant has confirmed repeatedly there is no other video preserved.

8

26. That immediately following the incident, Defendant Menard, Inc. employees contacted their own corporate office, and GALLAGHER BASSETT SERVICES, INC., who were made aware of the Plaintiff's injuries, and the possible cause, as well as following the mandates of their *Accident & Injury Reporting - Policy & Procedure #181*.

27. That GALLAGHER BASSETT SERVICES, INC. adjuster/resolution manager Melanie Jackson has stated that Gallagher Bassett policy is to upload, and keep all videos from the insured they receive.

28. Immediately following the incident, Defendant Menard, Inc. knew or should have known that the video was evidence highly relevant to determining the cause of the incident at Defendant Menard, Inc.'s premises, and of Plaintiff's injuries, that this video was the best evidence the Plaintiff could have used to show where the yellow band on the video came from on the date of the incident, and how long it had been there before Plaintiff tripped and fell over it.

29. Under these circumstances it was the duty of the Defendant Menard, Inc. to preserve the video and the yellow band in an unaltered condition so it could have been examined by the Plaintiff.

30. That in fact Defendant Menard, Inc. violated its own policies in gathering and preserving evidence.

31. In breach of said duty, Defendant Menard, Inc. destroyed the video.

32. Prior to the destruction of the video, and the yellow band, the Plaintiff had a reasonable probability of succeeding in a negligence claim against Defendant Menard, Inc. as alleged in the complaint.

33. Defendant's breach of that duty deprived Plaintiff of her ability and right to view the video, and examine the yellow band, to perform an investigation to identify how the yellow band got there, what material it was exactly, how long it had been at the location where Plaintiff tripped and fell over it, the employees working in Defendant Menard, Inc.'s store when the yellow band appeared, as well as other key elements central to Plaintiff's burden of proof in this case.

34. Defendant's destruction of the video and the yellow band, deprived Plaintiff of the key pieces of evidence necessary to prove a negligence suit against Defendant.

35. As a proximate result of Defendant's failure to preserve and produce the video and the yellow band, plaintiff has suffered damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, RHONDA M. OLIVA, demands judgment against the Defendant, MENARD, INC., in an amount in excess of $50,000 and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

        THE LAW OFFICE OF TIMOTHY J. DEFFET
        By: /s/Timothy J. Deffet

ARDC#6255823
Attorney for Plaintiff
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
tim@timdeffetlaw.com
(773) 627-4719

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA M. OLIVA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MENARD, INC. )<br>)<br>)<br>Defendants. ) | Case No.: 1:22-cv-02512<br><br>In Excess of $50,000 |

**<u>AFFIDAVIT</u>**

I, Timothy J. Deffet, the attorney for Plaintiff, being first duly sworn on oath, depose and state as follows:

1. I represent the plaintiff in the above cause of action.

2. Upon investigation of the facts as known to me at this time, including the nature and extent of the physical injuries and medical expenses appurtenant, the damages in this case, exclusive of interest and costs, are in excess of $50,000.00.

FURTHER AFFIANT SAYETH NAUGHT.

/s/ Timothy J. Deffet, Attorney for Plaintiff

ARDC#6255823
Attorney for Plaintiff
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
tim@timdeffetlaw.com
(773) 627-4719