IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA M. OLIVA,<br><br>        Plaintiff,<br><br>v.<br><br>MENARD, INC.<br><br>        Defendant. | Case No.: 1:22-cv-2512<br><br>Honorable Jeremy C. Daniel<br><br>Honorable Maria Valdez<br>Magistrate Judge |

## MOTION FOR SANCTIONS

Defendant, MENARD, INC., by and through their undersigned counsel, as for their Motion for Sanctions, states as follows:

1. Defendant is an American home improvement retail company.

2. It has 351 stores in 15 states and is the third-largest home improvement store in the United States.

3. Plaintiff alleges that she tripped and fell at a Menards store on June 16, 2020.

4. In the course of discovery, pursuant to Fed. R. Civ. P. 26(c), an Agreed Confidentiality Order was entered permitting a party to designate certain classes of sensitive documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Agreed Confidentiality Order ¶¶ 2-3. [Dkt. 23].

5. Confidential Information, as used in this Confidentiality Order, consists of the following materials and categories of materials:

> (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial of financial information that the party has maintained as confidential, including but not limited to **Defendant's policies and procedures**; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.

*Id*. ¶ 2. (Emphasis added).

6. Documents designated as "subject to protective order" may only be shared with certain persons such as the parties, the court, and experts. *Id*. ¶ 5(b).

7. The Confidentiality Order provides a method for challenging a designation: counsel for the parties must meet and confer to discuss the challenged designation, and if no agreement can be reached, the designation is to be challenged by motion. *Id*. ¶ 9.

8. Until the court rules on the propriety of the designation "all parties shall continue to treat the materials" as confidential. *Id*.

9. On December 21, 2023, Plaintiff's counsel filed a motion for extension of time to complete discovery and to stay motion for summary judgment in the case styled as *Dotson v. Menard, Inc*.; Case No. 1:21-cv-05772.

10. The motion included information extracted from a document that Defendant produced **in this case** with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation.

11. On December 26, 2023, Defense counsel notified Plaintiff's counsel via email that information extracted from documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" had been filed in the public record.

12. Defense counsel requested that Plaintiff's counsel "[p]lease take whatever steps are necessary to remove these documents from the court's file."

13. Receiving no response, Defendant has filed a motion to place the plaintiff's motion for extension of time to complete discovery and to stay motion for summary judgment under seal in the *Dotson* case.

14. While the Seventh Circuit appears not to have addressed the issue directly, it has acknowledged in *dicta* that the violation of a confidentiality order may be redressed by the measures set out in Rule 37(b). *Greviskes v. Univ. Research Ass'n, Inc*., 417 F.3d 752, 759 (7th

Cir. 2005) (acknowledging that disclosure of documents in violation of confidentiality order would have been a violation of Rule 37 if the documents had been properly marked confidential).

15. The Advisory Committee Notes similarly indicate that Rule 37(b) "should provide comprehensively for enforcement" of an order entered under Fed. R. Civ. P. 26(c), which would include the Confidentiality Order entered in this Case. *See also* Fed. R. Civ. P. Fed. R. Civ. P. 37(b) Advisory Comm. Notes (1970 Amendments).

16. And several district courts in this circuit have squarely held that fees and costs may be assessed under Rule 37(b)(2) for violation of a confidentiality order. *Malibu Media, LLC v. Harrison*, 2014 WL 5598769, at *3 (S.D. Ind. Nov. 3, 2014), adopted by, 2014 WL 6851898 (S.D. Ind. Dec. 2, 2014); *Instant Tech, LLC v. DeFazio*, 2013 WL 5966893, at *3 (N.D. Ill. Nov. 8, 2013); *Whitehead v. Gateway Chevrolet, Oldsmobile*, 2004 WL 1459478, at *2 (N.D. Ill. June 29, 2004).

17. There is no doubt that Plaintiff's counsel violated the Agreed Confidentiality Order.

18. When a party fails to obey a discovery order, Rule 37(b)(2)(C) provides that a court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

WHEREFORE, Defendant, MENARD, INC., respectfully requests that this Court:

A. award Defendant their attorneys' fees incurred in seeking the removal of the documents from the Court file;

B. award Defendant their attorneys' fees incurred in bringing this motion; and

C. grant such other relief this Court deems just and proper.

DATED: December 29, 2023

Respectfully submitted,

**MENARD, INC.**

By: */s/ Joseph S. Davidson*

W. Anthony Andrews
John E. Motylinski
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jmotylinski@ottosenlaw.com
jdavidson@ottosenlaw.com