IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA M. OLIVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:22-cv-02512 |
| ) | |
| MENARD, INC. ) | The Honorable Judge Jeremy C. Daniel |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGME T**

Plaintiff, RHONDA M. OLIVA, hereby submits the following additional facts in opposition to Defendant's motion for summary judgment:

1. That at all times relevant herein, Defendant had what it called an *Accident & Injury Reporting - Policy & Procedure #181* which states in pertinent part:

    **I.D3:**
    Video Evidence: All accidents **MUST** have video evidence submitted for saving. The Front End Manager completing the Online Claim Report must also complete the Insurance Video Request using the 1st Incident Report program. Video must be submitted within 24 hours of the accident being reported. All insurance video requests should be logged as, Save Only. If copies of the insurance video are needed by anyone, requests can be submitted in writing to your division's Legal Department at the below address: 5101 Menard Drive
    Eau Claire WI 54703
    (See Plaintiff's Ex. 1).

2. That at all times relevant herein, Defendant had what it called an *Accident & Injury Reporting - Policy & Procedure #181* which states in pertinent part:

    **ID4:**
    Physical Evidence: any physical evidence related to an insurance claim needs to be preserved. Any physical evidence that can be saved should be sent to the Corporate Legal Department for preservation as described below.
    a. Email the following information to the Warranty Center Manager at the distribution center

1

    receiving the back haul. Carbon copy wrtyuser@menards.net and a paralegal from the Corporate Legal Department on the email. Print a copy of the email and secure it to the evidence, include:
i. Claimant's full name
ii. Incident date and claim number
iii. Brief description of the evidence
iv. Trailer number
v. Any additional evidence that may be necessary to ensure proper preservation of the evidence
b. Merchandise: if the evidence is a product sold by Menards also record a description of the item including: the SKU, the model number, the vendor and the manufacturer in the Online Claim Report.
**To ensure proper handling, send all items that need to be preserved as evidence on a separate pallet. DO NOT INCLUDE items to be preserved as evidence on pallets with defect items or any other items you are returning to the Distribution Center.**
5. If physical evidence cannot be preserved, save any available descriptive evidence referenced in this section as well as photographs of the relevant physical evidence

(See Plaintiff's Ex. 1).

3. That Defendant manager Katherine Riemer picked up, and wrapped the yellow band, around her arm, after speaking with Plaintiff at the scene of the incident, but did not preserve it. (Def. Ex. 2, Riemer, PP50-51).

4. Defendant Menard employees are taught to always save the videos, and in fact, Defendant manager Katherine Riemer was taught to fill out the incident reports, save the videos and GALLAGHER BASSETT SERVICES, INC. would also save them along with the video time-stamps of same. (Def. Ex. 2, Riemer, PP86-87).

5. That on June 29, 2020, Plaintiff sent a certified letter to GALLAGHER BASSETT SERVICES, INC. which stated the following in pertinent part:

This letter will confirm I represent Rhonda Oliva in connection with an accident that occurred on June 16, 2020 in your store. It is my understanding there is some form of video camera recorded this incident. The purpose of this letter is to request that Menards, its employees, agents, and third-parties, maintain and preserve any and all videotapes, recordings, photographs, digital images, or video obtained via any surveillance, or other camera mounted near the incident from June 16, 2020. The materials should be maintained in their current condition, without any destructive testing, alteration, sale or loss of any videotapes or recordings. Kindly contact my office to make arrangements for duplication of any videotape or digital footage. Thank you in

advance for your anticipated cooperation and attention in this matter.

(See Plaintiff's Ex. 2).

6. On July 10, 2020, GALLAGHER BASSETT SERVICES, INC. adjuster/resolution manager Melanie Jackson sent a response letter indicating that she received Plaintiff's June 29, 2020 letter on July 2, 2020, and wrote the following:

> This will acknowledge receipt of your correspondence and lien, received by our office 07/02/2020, regarding the above captioned claim. Please be advised this file will be handled by the undersigned. Kindly direct all future correspondence to my attention at the address below.
>
> So that we may document the claim, please forward the following information for your client, Rhonda Oliva:
>
> 1. Name and address of employer
> 2. Wage loss and documentation
> 3. Name and address of all treating physicians
> 4. Signed authorization for medical information
> 5. Social Security
> 6. All medical bills and reports gathered
> 7. Recorded interview
>
> With reference to coverage of the matter, please provide your theory of liability. As for any and all information collected regarding this matter, ie, vide and photographs, these items will only be released via discovery.
>
> Thanks in advance.
>
> Sincerely,
> *Melanie Jackson, SCLA*
> Resolution Manager

(Plaintiff's Ex. 3, July 10, 2020 response letter to Plaintiff from GALLAGHER BASSETT SERVICES, INC. adjuster/resolution manager Melanie Jackson).

7. That immediately following the June 16, 2020 incident involving Plaintiff, Defendant Menard, Inc. employees contacted their own corporate office, and GALLAGHER BASSETT SERVICES, INC., who were made aware of the

3

Plaintiff's injuries, and the possible cause, as well as following the mandates of their *Accident & Injury Reporting - Policy & Procedure #181*.

8. Menard manager Katherine Riemer testified that there were at least 30 video angles for cameras at the store as provided in a schematic given by Defendant in discovery. (Def. Ex. 2, Riemer PP 70-74).

9. That GALLAGHER BASSETT SERVICES, INC. adjuster/resolution manager Melanie Jackson has stated that Gallagher Bassett policy is to upload, and keep all videos from the insured they receive. (See Plaintiff's Ex. 4, Gallagher Bassett adjuster Melanie Jackson deposition PP 46-49).

10. The attached photograph taken from a still of the video shows the yellow band around Plaintiff Oliva's foot/ankle at 19:21:33. (Plaintiff's Ex. 5).



4

11. Menard employee Katherine Riemer filled out an incident report involving a Richard Doornboos on June 6, 2020 (for alleged June 5, 2020 incident), which stated the following, in pertinent part:

    "Guest was coming into the store up front and tripped on a piece of yellow banding strap. He fell and hit his right elbow and left knee."

    (See Plaintiff's Ex. 6).

12. Menard employee Katherine Riemer filled out an incident report involving Plaintiff Rhonda Oliva on June 16, 2020 (for alleged June 16, 2020 incident), which stated the following, in pertinent part:

    "Guest was walking in through the garden center entrance and tripped on piece of yellow banding wire and fell forward on the floor." (See Plaintiff's Ex. 7).

13. That Menard employee Katherine Riemer claims she never heard of Richard Doornboos, never filled out another report regarding someone falling at the store regarding a yellow band. (Def. Ex. 2-Riemer, PP 65-68).

14. That Menard employee Katherine Riemer testified extensively as to various daily, weekly and monthly checklists, involving sweeping, cleaning, wiping down around the registers, the doors, and the floor in garden area and the store, but neither she nor Menard could produce one that was filled out on the day of, day before or day after. ((Def. Ex. 2, Riemer, PP23-36).

15. Defendant produced the following manuals/policies on Nov. 10, 2022, which are used at Defendant's Menard's location in this case:

    a-JRC Building Service Tile Floor Cleaning Agreement,
    b-Parking Lot and Outside Yard Sweeping Agreement and Addendum,
    c-Store Facilities Repairs and Maintenance - Policy & Procedure #153,

      d-Daily Manager's Responsibilities (To-Do Lists and Department Closing Checklist) - Policy & Procedure #204,
e-Daily Floor Maintenance Report Card,
f-Diversey, Inc. Floor Care and Housekeeping Program,
g-Floorcare & Cleaning - Policy & Procedure #26A,
h-Training for New Team Members - Policy & Procedure #66,
i-Monthly Store Facilities Checklist,
j-Weekly Store Facilities Checklist,
k-Manual, automatic and sliding door policies,
l-Garden Center Cashier's Daily Checklist,
m-Garden Center Daily To-Do List,
n-General Manager's Daily To-Do List, and
o-Safe Workplace Training Certification
p-Policy 181.

16. That Defendant did not produce any *filled out* "Daily Manager's Responsibilities (To-Do Lists and Department Closing Checklist)- Policy & Procedure #204" in answers to discovery.

17. That Defendant did not produce any *filled out* "Daily Floor Maintenance Report Card" in answers to discovery.

18. That Defendant did not produce any *filled out* "Monthly Store Facilities Checklist" in answers to discovery.

19. That Defendant did not produce any *filled out* "Weekly Store Facilities Checklist" in answers to discovery.

20. That Defendant did not produce any *filled out* "Garden Center Cashier's Daily Checklist", in answers to discovery.

21. That Defendant did not produce any *filled out* "Garden Center Daily To-Do List" in discovery.

22. That Defendant did not produce any *filled out* "General Manager's Daily To-Do List" in discovery.

Respectfully submitted,

/s/Timothy J. Deffet
 The Law Office of Timothy J. Deffet
ARDC# 6255823
Timothy J. Deffet
Attorney for Plaintiff RHONDA M. OLIVA
THE LAW OFFICE OF TIMOTHY J. DEFFET
5875 N. Lincoln Ave. #231
Chicago, IL 60659
(773) 627-4719
tim@timdeffetlaw.com

**CERTIFICATE FILING AND PROOF OF SERVICE**

   I hereby certify that on Jan. 22, 2024, I electronically filed the foregoing **PLAINTIFF OLIVA'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,** with the Clerk of the Court using the CM/ECF System, which will send notifications of such to all attorneys of record, and via email to all:

OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
W. Anthony Andrews
Joseph S. Davidson
John Motylinski
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com
jmotylinski@ottosenlaw.com
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
(630) 682-0085