IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA OLIVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 22-cv-02512 |
| ) | |
| MENARD, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | **JURY DEMAND** |

**MENARD, INC.'S RESPONSE TO PLAINTIFF'S
STATEMENT OF UNCONTESTED FACTS**

NOW COMES the Defendant, Menard, Inc., and for its Response to Plaintiff Rhonda Oliva's Statement of Uncontested Facts Pursuant to Local Rule 56.1 (Dkt. # 94-1), states as follows:

1. That at all times relevant herein, Defendant had what it called an Accident & Injury Reporting - Policy & Procedure #181 which states in pertinent part:

[Reproduction of Policy & Procedure #181 omitted]

**ANSWER:** Admit.

2. That at all times relevant herein, Defendant had what it called an Accident & Injury Reporting - Policy & Procedure #181 which states in pertinent part:

[Reproduction of Policy & Procedure #181 omitted]

**ANSWER:** Admit.

3. That Defendant manager Katherine Riemer picked up, and wrapped the yellow band, around her arm, after speaking with Plaintiff at the scene of the incident, but did not preserve it. (Def. Ex. 2, Riemer, PP50-51).

**ANSWER: Menard admits Katherine Riemer picked up and manipulated the yellow band after Plaintiff's fall. Menard admits Reimer disposed of it shortly thereafter. Menard denies she was ever asked to "preserve" it. (Def. Ex. 2, p. 50-51).**

4. Defendant Menard employees are taught to always save the videos, and in fact, Defendant manager Katherine Riemer was taught to fill out the incident reports, save the videos and GALLAGHER BASSETT SERVICES, INC. would also save them along with the video time-stamps of same. (Def. Ex. 2, Riemer, PP86-87).

**ANSWER: Menard admits its surveillance videos are timestamped. Menard admits its employees are instructed to *generally* preserve videos following accidents and complete incident reports in accordance with its policies. Menard denies Riemer testified that Menard's employees always have to save videos in every circumstance. (Def. Ex. 2, p. 86–87). Rather, Riemer testified that *she* always saves surveillance video—and not photographs—after accidents. (Def. Ex. 2, p. 86:22–23). Menard denies that Riemer testified that Gallagher Bassett was primarily responsible for saving the incident reports and video (*id.*); Menard saved those and transmitted copies to Gallagher Bassett. (Dkt. # 93-4, p. 80–81, 92:19–20).**

5. That on June 29, 2020, Plaintiff sent a certified letter to GALLAGHER BASSETT SERVICES, INC. which stated the following in pertinent part: [Reproduction of letter omitted]

**ANSWER: Menard denies that Plaintiff sent a letter to Gallagher Bassett Services, Inc. (Pltf.'s Ex. 2). Menard admits the remaining facts in Paragraph 5.**

6. On July 10, 2020, GALLAGHER BASSETT SERVICES, INC. adjuster/resolution manager Melanie Jackson sent a response letter indicating that she received Plaintiff's June 29, 2020 letter on July 2, 2020, and wrote the following: [Reproduction omitted]

**ANSWER: Admit.**

7. That immediately following the June 16, 2020 incident involving Plaintiff, Defendant Menard, Inc. employees contacted their own corporate office, and GALLAGHER BASSETT SERVICES, INC., who were made aware of the Plaintiff's injuries, and the possible cause, as well as following the mandates of their Accident & Injury Reporting - Policy & Procedure #181.

**ANSWER:** **Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including the specific page number, that supports it."**

8. Menard manager Katherine Riemer testified that there were at least 30 video angles for cameras at the store as provided in a schematic given by Defendant in discovery. (Def. Ex. 2, Riemer PP 70-74).

**ANSWER:** **Denied in part and admitted in part. Riemer testified that a schematic depicting the angles of every camera in Menard's entire store "probably" contained more than 30 diagrams indicating cameras. (Def. Ex. 2, p. 70–74). Menard denies any suggestion that Riemer testified 30 cameras would have captured Plaintiff or her fall. *Id.***

9. That GALLAGHER BASSETT SERVICES, INC. adjuster/resolution manager Melanie Jackson has stated that Gallagher Bassett policy is to upload, and keep all videos from the insured they receive. (See Plaintiff's Ex. 4, Gallagher Bassett adjuster Melanie Jackson deposition PP 46-49).

**ANSWER:** **Menard denies that Gallagher Bassett "uploads" videos, but rather *receives* and keeps videos from Menard. (Dkt. # 93-4, p. 50:20–25, 92:21–25).**

10. The attached photograph taken from a still of the video shows the yellow band around Plaintiff Oliva's foot/ankle at 19:21:33. (Plaintiff's Ex. 5).

**ANSWER:** **Admit.**

11. Menard employee Katherine Riemer filled out an incident report involving a Richard Doornboos on June 6, 2020 (for alleged June 5, 2020 incident), which stated the following, in pertinent part:

"Guest was coming into the store up front and tripped on a piece of yellow banding strap. He fell and hit his right elbow and left knee."

(See Plaintiff's Ex. 6).

**ANSWER:** **For purposes of this Motion, Menard denies that Doornbos' incident report is dated June 6, 2020, but otherwise admits the remaining facts in Statement 11.[1]**

12. Menard employee Katherine Riemer filled out an incident report involving Plaintiff Rhonda Oliva on June 16, 2020 (for alleged June 16, 2020 incident), which stated the following, in pertinent part:

"Guest was walking in through the garden center entrance and tripped on piece of yellow banding wire and fell forward on the floor." (See Plaintiff's Ex. 7).

**ANSWER:** Admit.

13. That Menard employee Katherine Riemer claims she never heard of Richard Doornboos, never filled out another report regarding someone falling at the store regarding a yellow band. (Def. Ex. 2-Riemer, PP 65-68).

**ANSWER:** Denied. Riemer, in 2023, testified as follows:

> Q. Are you aware of anyone else who tripped and fell as a result of a band at the store --
> A. No.
> Q. -- in June 2020? 1:11:19
> A. No. (Def. Ex. 2, p. 65:14-18)

**Reimer then testified, in 2023, that she did not recall Richard Doornbos (*id.* at 65:19–21), and did not "remember filling out a report" for him. *Id.* at 65:22–24.**

14. That Menard employee Katherine Riemer testified extensively as to various daily, weekly and monthly checklists, involving sweeping, cleaning, wiping down around the registers,

---

[1] Menard reserves a potential objection that Doornbos' statement to Riemer is inadmissible hearsay.

4

the doors, and the floor in garden area and the store, but neither she nor Menard could produce one that was filled out on the day of, day before or day after. ((Def. Ex. 2, Riemer, PP23-36).

**ANSWER: Denied. Riemer testified that she was *not familiar* with a monthly store facilities checklist (Def. Ex. 2, p. 23:3–15), or a weekly store facilities checklist (*id.* at 23:20). She only was familiar with a Garden Center cashier daily checklist (*id.* at 26:8–12). Menard denies that Riemer testified that "neither she nor Menard could produce one that was filled out on the day of, day before or day after." *Id.* at 23–36.**

15. Defendant produced the following manuals/policies on Nov. 10, 2022, which are used at Defendant's Menard's location in this case:

>    a-JRC Building Service Tile Floor Cleaning Agreement,
>    b-Parking Lot and Outside Yard Sweeping Agreement and Addendum,
>    c-Store Facilities Repairs and Maintenance - Policy & Procedure #153,
>    d-Daily Manager's Responsibilities (To-Do Lists and Department Closing Checklist) - Policy & Procedure #204,
>    e-Daily Floor Maintenance Report Card,
>    f-Diversey, Inc. Floor Care and Housekeeping Program,
>    g-Floorcare & Cleaning - Policy & Procedure #26A,
>    h-Training for New Team Members - Policy & Procedure #66,
>    i-Monthly Store Facilities Checklist,
>    j-Weekly Store Facilities Checklist,
>    k-Manual, automatic and sliding door policies,
>    l-Garden Center Cashier's Daily Checklist,
>    m-Garden Center Daily To-Do List,
>    n-General Manager's Daily To-Do List, and
>    o-Safe Workplace Training Certification
>    p-Policy 181.

**ANSWER: Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including the specific page number, that supports it."**

16. That Defendant did not produce any filled out "Daily Manager's Responsibilities (To-Do Lists and Department Closing Checklist)- Policy & Procedure #204" in answers to discovery.

**ANSWER: Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including**

5

the specific page number, that supports it." Menard further objects on the grounds that Plaintiff's discovery arguments have been long resolved by the Court. (Dkt. # 56)

17. That Defendant did not produce any filled out "Daily Floor Maintenance Report Card" in answers to discovery.

**ANSWER:** **Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including the specific page number, that supports it." Menard further objects on the grounds that Plaintiff's discovery arguments have been long resolved by the Court. (Dkt. # 56)**

18. That Defendant did not produce any filled out "Monthly Store Facilities Checklist" in answers to discovery.

**ANSWER:** **Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including the specific page number, that supports it." Menard further objects on the grounds that Plaintiff's discovery arguments have been long resolved by the Court. (Dkt. # 56)**

19. That Defendant did not produce any filled out "Weekly Store Facilities Checklist" in answers to discovery.

**ANSWER:** **Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including the specific page number, that supports it." Menard further objects on the grounds that Plaintiff's discovery arguments have been long resolved by the Court. (Dkt. # 56)**

20. That Defendant did not produce any filled out "Garden Center Cashier's Daily Checklist", in answers to discovery.

**ANSWER:** **Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including the specific page number, that supports it." Menard further objects on the grounds that Plaintiff's discovery arguments have been long resolved by the Court. (Dkt. # 56)**

21. That Defendant did not produce any filled out "Garden Center Daily To-Do List" in discovery.

**ANSWER: Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including the specific page number, that supports it." Menard further objects on the grounds that Plaintiff's discovery arguments have been long resolved by the Court. (Dkt. # 56)**

22. That Defendant did not produce any filled out "General Manager's Daily To-Do List" in discovery.

**ANSWER: Objection. In violation of Local Rule 56.1(d)(2), Plaintiff has not supported her asserted fact with a "citation to the specific evidentiary material, including the specific page number, that supports it." Menard further objects on the grounds that Plaintiff's discovery arguments have been long resolved by the Court. (Dkt. # 56)**

    Respectfully submitted,

    */s/ W. Anthony Andrews*

    One of the Attorneys for Defendant

W. Anthony Andrews (ARDC No. 6217267)
John E. Motylinski (ARDC No. 6321177)
OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
1804 N. Naper Blvd., Suite 350
Naperville, Illinois 60563
(630) 682-0085 – Telephone
wandrews@ottosenlaw.com