# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RHONDA M. OLIVA,<br>　　　　Plaintiff<br><br>　　v.<br><br>MENARD, INC.,<br>　　　　Defendant | No. 22-cv-02512<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion for sanctions [88] is granted. The plaintiff shall pay the defendant's reasonable attorney's fees and costs associated with the defendant's filing of its motion for sanctions and motion to seal, not to exceed $1,000. Prior to May 10, 2024, the parties shall confer on the defendant's reasonable attorney's fees and costs. The defendant shall file a status report on or before May 10, 2024, that addresses its reasonable attorney's fees and costs and, if the plaintiff disputes the amount, its justification for the fees and costs. If there is a dispute as to the amount, the plaintiff shall file a response on or before May 17, 2024.

## STATEMENT

The Court entered an Agreed Confidentiality Order ("protective order") in this case. R. 23. The protective order allowed parties to designate materials as "Confidential – Subject to Protective Order." *Id.* at 2. The protective order restricted the use of materials designated as confidential to this case, *id.* at 3, and required counsel to take reasonable efforts to prevent the unauthorized or inadvertent disclosure of materials designated as confidential. *Id.* at 5. The protective order notes that any party wishing to file material designated as confidential must comply with Local Rule 26.2. *Id.* at 5-6. The protective order also establishes a procedure by which parties may challenge the designation of material as confidential. *Id.* at 6-7.

The defendant claims that plaintiff's counsel failed to comply with the protective order and moved for sanctions. R. 88. The defendant's initial complaint was that plaintiff's counsel disclosed in another case excerpts of material designated confidential in this case. *See id.* But plaintiff's counsel correctly points out that the amended complaint, R. 77 at 6-7, and answer to the amended complaint, R. 77 at 8-9, disclosed that same information concerning the defendant's policy #181. The defendant had not objected to the disclosure in the amended complaint. As such, the

disclosure in Case No. 21-cv-05572 does not warrant sanctions as that information was already in the public record.

While the parties completed additional briefing on the defendant's motion for sanctions, *see* R. 92, plaintiff's counsel filed a response to the defendant's motion for summary judgment. R. 93. Plaintiff's counsel attached the defendant's policy #181 as an exhibit to that response. R. 93-1. That exhibit included information not previously disclosed in any filings. *See id.* That exhibit also had "Confidential – Subject to Protective Order" across the top of the page, "Confidential" at the bottom of the page, and "Confidential" in red across the page. *Id.* Plaintiff's counsel did not file a motion to seal that exhibit. The defendant did, and the Court granted the defendant's motion. R. 96; R. 100.

By filing policy #181 publicly, plaintiff's counsel violated the protective order. The Court does not view the disclosure as inadvertent. Less than one week before plaintiff's counsel filed R. 93-1, he argued, "Again, all I did was quote the 181 policy." That changed when he filed policy #181—after a hearing during which the defendant accused plaintiff's counsel of violating the protective order by disclosing portions of policy #181. During that hearing, the Court reminded plaintiff's counsel that the protective order remained in place, that plaintiff's counsel was free to file motions to amend the protective order, and that the protective order had a mechanism through which he could challenge the defendant's designations. The Court expressly told plaintiff's counsel that he did not get to decide whether a designation was appropriate. Plaintiff's counsel disregarded these admonishments and disclosed policy #181 without authorization. For this unauthorized disclosure in violation of the protective order, and for disregarding the Court's admonishments concerning the protective order, the Court awards the defendant reasonable attorney's fees and costs associated with filing its motion for sanctions, R. 88, and its motion to seal, R. 96. This sanction shall not exceed $1,000. This sanction is appropriate because the defendant should not have to bear the costs of plaintiff counsel's refusal to follow the Court's orders. Plaintiff's counsel could have avoided this situation by challenging the protective order or by filing a motion to seal materials designated as confidential.

Plaintiff's counsel also challenges whether the Court can award the defendant reasonable attorney's fees and costs under Fed. R. Civ. P. 37(b)(2)(C). But Rule 37 is not the only source of the Court's power to sanction plaintiff's counsel. The Court also has inherent authority to enforce its orders. *See Greviskes v. Universities Rsch. Ass'n, Inc.*, 417 F.3d 752, 758–59 (7th Cir. 2005) ("The district court may dismiss a case for discovery violations or bad faith conduct in litigation under Federal Rule of Civil Procedure 37 or under the inherent authority of the district court."). In *Greviskes*, the Seventh Circuit indicated that a district court could sanction a party under Rule 37 for violating a protective order. *See id.* ("As the file of Terry Erickson was not marked "Confidential," Angelita Greviskes was not technically in violation of the protective order and as such, could not be held to have violated Rule 37."). And in *Salmeron*, the

2

Seventh Circuit determined that the district court did not abuse its discretion in sanctioning a party's unauthorized disclosure of a document that the parties agreed to treat as "attorneys' eyes only" (albeit absent a protective order). *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 798 (7th Cir. 2009). These cases reflect the Court's ability to enforce its discovery-related orders.

Date: April 24, 2024

JEREMY C. DANIEL
United States District Judge