IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA M. OLIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:22-cv-02512 |
| | ) | |
| MENARD, INC. | ) | The Honorable Judge Jeremy C. Daniel |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE 1 THROUGH 32**

Plaintiff, RHONDA M. OLIVA by her attorney, TIMOTHY J. DEFFET OF THE LAW OFFICE OF TIMOTHY J. DEFFET., prior to the selection of the jury in this cause, respectfully moves this Honorable Court, *in limine,* to enter an order directing that all parties to this action, through their respective counsel, and the representatives of the parties, and the parties' counsel, and any witnesses called by the parties, to refrain from making any direct or indirect mention whatsoever, at the trial, before the jury, of the matters set forth herein, without first obtaining permission from this Court, outside the presence and hearing of the jury:

1. That defense counsel be barred from asking questions of the plaintiff on cross-examination involving medical injuries sustained prior to the incident included in plaintiff's complaint because the defendant cannot provide any medical testimony or other competent evidence establishing a causal link between any of the plaintiff's past injuries and the plaintiff's present injuries. Voykin v. Estate of DeBoer, 239 Ill.Dec.688, 692, 714 N.E.2d 609 (2nd Dist. 1999).

**Defendant's objection: Agreed.**

2. That defense counsel be barred from asking questions of the plaintiff on cross-examination involving similar or dissimilar injuries from prior or subsequent accidents, unless there by shown by the defendant, by competent medical testimony, outside the presence of the jury, that there will be a connection between this line of questioning and the plaintiff's injury. Marut v. Costello, 53 Ill.App.2d 340, 202 N.E.2d 853, 202 N.E.2d 853 (1St Dist. 1964), Caley v. Manicke, 29 Ill.App.2d 323, 173 N.E.2d 209 (2 Dist. 1961), Greim v. Sharpe Motor Lines, 242 N.E.2d 282,

101 Ill.App.2d 142 (3 Dist. 1968), Simpson v. Johnson, 360 N.E.2d 144, 45 Ill.App.3d 789 (3rd Dist.1977).

**Defendant's objection: Agreed.**

3.  That the Defendant not be allowed to argue in her opening or closing argument "that the Plaintiff has asked for a greater amount of money than she actually expects to be awarded." Kallas v. Lee., 22 Ill. App 3d 496, 317 N.E. 2d 704 (1ST Dist. 1974).

**Defendant's objection: Agreed.**

4.  All evidence or testimony concerning the consequences of income tax in assessing damages. Klawonn v. Mitchell, 105 Ill.2d 450, 475 N.E.2d 857 (1985). That the recovery of the Plaintiff is not subject to federal income taxes. Christou v. Arlington Park Washington Race Tracks, 104 Ill. App. 3d 257, 262, 432 N.E. 2d 920, 60 Ill. Dec. 21 (1st Dist. 1982).

**Defendant's objection: Agreed.**

5.  Any evidence or testimony that plaintiff has received, has been entitled to receive, will receive or will become entitled to receive benefits of any kind or nature from a collateral source, including but not limited to the following:

    (a) Benefits from collateral auto or health insurance coverage;

    (b) Services furnished without charge;

    (c) Disability, accident leave or similar compensation for time not actually worked;

    (d) Social Security and/or pension;

    (e) Long term disability benefits;

    (f) Medicare and Medicaid benefits;

    (g) Supplement income from rental properties

    (h) Medpay;

Biehler v. White Metal Rolling, 30 Ill.App.3d 435, 333 N.E.2d 716 (3RD Dist. 1975). Geisberger v. Quincy, 3 Ill.App.3d 437, 278 N.E.2d 404 (2nd Dist. 1972).

**Defendant's objection: Agreed.**

6.  Any attempt to introduce or present a photograph, film, video or results of a surveillance conduct of plaintiff unless defendant first tenders such to the Court and opposing counsel for review and editing, if necessary, outside the presence of the jury.

**Defendant's objection: Agreed.**

7.  Any evidence or testimony supporting or suggesting that the sole cause or a contributing cause of RHONDA M. OLIVA' current injuries are the negligence of anyone other than the Defendant since no party contribution action or affirmative defense has been established by said defendants to support such a defense. Robertson v. General Tire and Rubber Co., 462 N.E.2d 706, 123 Ill.App.3d 11 (5th Dist. 1984).

**Defendant's objection: Opposed.**

8.  Any reference regarding the Defendant's wealth or ability or inability to pay a judgment rendered against it. Lenz v. Julian, 276 Ill. App. 3d 66, 657 N.E.2d 712 (2nd Dist. 1995); Rush v. Hamdy, 255 Ill. App. 3d 352, 627 N.E. 2d 1119 (4th Dist. 1994); McElroy v. Force, 75 Ill. App.3d 441, 220 N.E. 2d 761 (5 Dist.) 1966).

**Defendant's objection: Agreed if mutual.**

9.  Any evidence that has not previously been disclosed by defendants pursuant to its continuing duty to supplement and update previous answers to discovery.

**Defendant's objection: Agreed if mutual.**

10. That the defendant not mention or state to the jury the probable testimony of a witness who is absent, unavailable or not called to testify in the cause.

**Defendant's objection: Agreed if mutual.**

11.	That the plaintiff has failed to call any one or more of the treating physicians in this case.  Foerster v. Illinois Bell Telephone, 315 N.E.2d 63, 20 Ill.App.3d 656 (1st Dist. 1974).

**Defendant's objection: Opposed.**

12.	Any and all evidence or argument as to "expected", "general", "usual", "regular", "customary" or "normal" recovery time, treatment time or treatments for persons who sustain injuries the same or similar to the injuries sustained by plaintiff in the accident.

**Defendant's objection: Opposed.**

13.	Any and all evidence or argument of injury, illness, treatment or complaints to any area of plaintiff's body other than those injured as a result of this incident (plaintiff's injuries include her right knee, right leg and ribs).

**Defendant's objection: Opposed.**

14.	Any and all evidence or argument regarding personal or financially related generalities of injured litigants in general or any witness, including but not limited to, secondary gain and compensation neurosis.

**Defendant's objection: Opposed.**

15.	Any and all evidence or argument of prior lawsuits, settlements or claims for injuries, including workers compensation claims, to any area of plaintiff's body other than her right knee, right leg and ribs.

**Defendant's objection: Agreed.**

16.	Any and all evidence or argument regarding demands for settlement, offers made or other negotiations to resolve the claims between the parties.

**Defendant's objection: Agreed.**

17. Any and all evidence or argument suggesting in any manner that plaintiff's lawsuit and claim or lawsuits and claims like those brought by plaintiff are improper, including but not limited to statements that such lawsuits or claims are "frivolous", "drive up rates", "affect us all", "waste time" or "clog the courts."

**Defendant's objection: Agreed.**

18. That any verdict would provide a "stream of income" to the Plaintiff. In Schaffner v. Chicago & Northwestern. 129 Ill.2d 1, 541 N.E. 2d 643 (1989) the Illinois Supreme Court held that it is reversible error to allow defense counsel to argue to the jury that future damages awarded by the jury would produce a stream of income to the plaintiff. The Court held that it would be improper to allow the defense to argue for a reduction in damaged beyond the present cash value reduction already found in the Illinois Pattern Jury Instructions.

**Defendant's objection: Agreed.**

19. Any comment that the Plaintiff's case, damage request, or verdict placed or burden upon the public as a whole and/or is responsible for a high cost of living for the public. This type of argument was found improper as an unfair prejudice to the plaintiff that do not comport with the "fair leeway" to be provided an attorney during argument. Lukich v. Angeli, 31 Ill. App. 2d 20, 175 N.E.2d 796 (1961).

**Defendant's objection: Agreed.**

20. Any reference that the Plaintiff is required to prove a certain specific dollar amount in or to be compensated for pain and suffering or other non-economic damages. The amount of damages and injury to a person are not to be measured solely on the basis of specific medical expenses incurred. Salo v. Singhurse, 181 Ill.App.3d 641, 537 N.E.2d 339, 342 (5th Dist. 1989). Northern Trust Co. v. County of Cook, 135 Ill. App.3d 329, 481 N.E.2d 957 (1st Dist. 1985).

**Defendant's objection: Agreed.**

21.	Any reference or comparison to the amount of previous awards or settlements in similar cases or claims arising out of the same or similar circumstances or involving similar injuries or reference to verdicts or settlements in other cases, including any infamous cases, (i.e., the McDonald's coffee spill case), or that the Plaintiff's damage award request should be tested for excessiveness against such other cases.  It is improper to compare a request for damage to the verdicts in other cases.  <u>Simmons v. University of Chicago Hospitals,</u> 247 Ill. App. 3d 177, 617 N.E.2d 278 (1st Dist 1993), <u>Northern Trust Co. v. County of Cook</u>, 135 Ill. App.3d 329, 481 N.E.2d 957 (1st Dist. 1985).

**Defendant's objection: Agreed.**

22.	Any reference or arguments that the Plaintiff failed to mitigate her damages since; 1) there is no evidence which creates an issue of fact as to the Plaintiff's negligence in securing medical attention, 2) there is no evidence that any of the Plaintiff's damages which may allegedly result from the failure to exercise due care in seeking medical attention are separable from the Plaintiff's other injuries and damages and 3) failure to mitigate is not one of the Defendant's affirmative defenses. *See,* I.P.I. 33.01 and <u>Bartimus v. Paxton Community Hospital,</u> 120 Ill. App. 3d 1060, 1071, 458 N.E. 2d 1072, 1080 (4th Dist. 1983).

**Defendant's objection: Agreed.**

23.	That any verdict would raise insurance rates and/or that cases like this are responsible for high insurance premiums.  In light of the fact that the mention of insurance is not allowed the mention of what effect, if any, tort verdicts have on insurance rates should, likewise, not be allowed.  Additionally, to mention such statistics without any evidence or foundation would merely serve to inject irrelevant information with probative value into this case and would prejudice the Plaintiff.

**Defendant's objection: Agreed.**

24. That the Defendant not be allowed to argue that Plaintiff had acted negligently in the past suggesting that Plaintiff acted negligently in the instant matter, in this case. The general rule is that evidence of conduct of a person on another occasion or occasions is irrelevant on the question of his conduct on the occasion in issue, except to show habit, state of mind, knowledge or intent and the like. Evidence of other specific, though similar acts, may not be proven simply to show that, having done the same thing before, the person is likely to have done it on the occasion in issue. This would open the door too wide to the trial of side issues to the neglect of the immediate issue to be resolved. Herget Nat. Bank of Pekin v. Johnson, 21 Ill.App.3d 1024, 1026-28 (3rd Dist. 1974).

**Defendant's objection: Plaintiff redrafted and submitted to Defendant. No comment back yet from Defendant.**

**25. WITHDRAWN-Any comment, argument, implication or references contrary to facts admitted.**

26. Any comment, argument, implication or attempted impeachment that cannot be completed/proved-up; i.e. use of medical records to impeach plaintiff without expert testimony and proper foundation for said record.

**Defendant's objection: Opposed.**

27. Plaintiff counsel may ask leading questions on direct examination of Plaintiff with respect to uncontested facts; including questions relating to Plaintiff's dates of treatment, location of treatment, treating doctor/facility, and the amount of bills/invoices.

**Defendant's objection: Opposed.**

28. That the Defendants not be allowed to argue any so-called "empty chair" defense as referring to the "empty chair" as "negligent" or blameworthy is irrelevant and prejudicial. IPI 12.04 states that "it is not a defense that some third person who is not a party to the suit may also have been to blame." The law does not encourage nor require the defendant to actually "prove" that another party's conduct was negligent. Rather, it requires "some competent evidence, that the other party's conduct was the cause of injury (emphasis on conduct, not blame). Moreover, inferring that another party has settled or was dismissed is highly prejudicial to juries who, it is said, fault the plaintiff for being "overly litigious," or that the plaintiff has already been compensated, or that another party has been found to be accountable for the injury. See *Krklus v. Stanley,* 359 Ill. App. 3d 471 (1st Dist. 2005); *Nika v. Danz*, 199 Ill. App. 3d 296, 556 N.E.2d 873, 885 (4th Dist. 1990) In *Hill v. Hiles,* 309 Ill. App. 321, 330-331 (4th Dist 1941) the court termed such evidence as "inherently harmful. Experts may be required to explain the relationship between the causative factor and the injury with sole proximate cause. Although not required to establish negligence, experts may be required to explain the causal relationship between the causative conduct and the injury in order to establish sole proximate cause. See *McDonnell v. McPartlin*, 192 Ill. 2d 505 (2000) and *Kunz v. Little Company of Mary Hospital and Health Care Centers*, 373 Ill. App. 3d 615, (1st Dist. 2007).

**Defendant's objection: Opposed.**

29. ADMITTED FAULT – PROHIBIT APOLOGY, REMORSE, REGRET, EMPATHY

That Defendant be prohibited from apologizing, regretting the collision happened, wishing that the collision had not occurred, feeling remorse, having empathy or fellow-feeling, or making any type of arguments about a concession of negligence as it relates to the issues before the Court, as the jury is supposed to assess the amount of damages solely on the basis of the evidence presented at trial and not on the basis of any sympathy aroused by a concession and such

concession is irrelevant to the issue of damages. See IPI Civil 1.01, see also *Marxmiller v. Champaign-Urbana Mass Transit District*, 90 N.E.3d 1064, 418 Ill. Dec. 575 (4th Dist. 2017).

**Defendant's objection: Opposed.**

30. That this Court *in limine* instruct the jury only on the theory of liability of ordinary negligence case and not premises liability. Plaintiff states as follows: This is a case involving a trip-and-fall at Menards. As the Plaintiff with the burden of proof, she is in a position to proceed under whatever theory of liability she chooses. *See Reed v. Wal-Mart Stores, Inc.*, 298 Ill.App.3d 712 (4th Dist. 1998).

**Defendant's objection: Reserved.**

31. That no evidence, argument, questions, or testimony be allowed pertaining to any acts of contributory negligence not specifically stated by way of Affirmative Defenses. The law is clear that contributory negligence must be pleaded and proved by the defendant. 735 ILCS 5/2-613(d); see also *Casey v. Baseden*, 111 Ill2d. 341, 346-47, 490 N.E.2d 4, 6 (1986); *Rosemont v. Chicago Title & Trust Co.*, 111 Ill. App. 3d 610, 616 (1 Dist 1982); *Alton Banking & Trust Co. v. Arnold Missouri Corp.*, 164 Ill. App. 3d 162 (5th Dist 1987).

**Defendant's objection: Opposed.**

32. That, should Defendant argue that Plaintiff is no longer suffering pain, suffering or limitations due to her lack of medical treatment, the Plaintiff should be allowed to explain the reasons for their failure to seek additional medical treatment (i.e. financial circumstances and lack of insurance coverage) See *Vanoosting v. Sellars*, 2012 IL App(5th) 110365 (2012)("Here, the plaintiff's testimony that she did not seek further treatment due to her lack of insurance is of consequence to her claim for future medical expenses and to the rebuttal of the defense theory that she no longer has pain and suffering or a need for treatment due to her lack of treatment in the last three years. Accordingly, we find that the plaintiff's proffered testimony is relevant under Illinois rules...For all these reasons, we find that the plaintiff's testimony was admissible and that

the trial court erred in excluding it.") See also, *Klinghoets v. Charlton-Perrin*, 2013 IL App(1st) 112412, ¶57-63.

**Defendant's objection: opposed.**

ARGUMENT AND AUTHORITIES

12. DEFENDANT SHOULD NOT BE ALLOWED TO OFFER EVIDENCE OR ARGUMENT OF OVER-TREATMENT OR UNNECESSARY PROCEDURE BECAUSE HE HAS NOT PRESENTED EXPERT TESTIMONY AND BECAUSE SUCH EVIDENCE OR ARGUMENT IS IRRELEVANT.

The court should exclude any and all evidence or argument as to "expected," "general," "usual," "customary," "regular" or "normal" recovery time for persons who sustain injuries the same or similar to the injuries sustained by Plaintiff in the accident because such evidence is arguments are irrelevant.

Defendant has not presented evidence of over-treatment. However, even if he had, Defendant is still liable for Plaintiff's damages incurred as a result of his negligence. Illinois courts have recognized for over 100 years that a plaintiff injured by another's negligence may recover from the responsible party not only damages from the original injury but for mistakes in curing that injury as well. Pullman Palace Car Co. v. Bluhm, 109 Ill. 20, 25 (1884). This is because an injured plaintiff is "bound by law to use ordinary care to render the injury no greater than necessary." Id. Therefore:

> [He is under] a duty to employ such [doctors] as ordinary prudence in his situation require[s]…and to select only such as were of at least ordinary skill and care in their profession. But the law does not make him an insurer in such case that such…doctors…will be guilty of no negligence, error in judgment, or want of care. The liability to mistakes in curing is *incident* to [the injury], and where such mistakes occur, (the injured party using ordinary care,) the injury resulting from such mistakes is properly regarded as part of the immediate and direct damages resulting from [the injury]. Id. at 25-26.

Evidence of over-treatment or unnecessary treatment is therefore irrelevant because Plaintiff sought treatment for injuries resulting from Defendant's negligence, and Defendant is liable for those damages regardless of whether or not they were unnecessary.

It is anticipated that the defense will seek to elicit testimony regarding the "over treatment" and/or "unnecessary" procedures and treatment, and argue that the jury use their "common sense" and find that Plaintiff's injuries were unnecessary. However, such matters are not within jurors' realm of common sense and would require the jury to form its own medical conclusions by encouraging it to speculate that the treatment and services received by the Plaintiff were reasonable and necessary.

Defendant is unable to provide any expert testimony relating to any allegation of "over treatment" or "unnecessary treatment." Furthermore, evidence or argument suggesting that Plaintiff's recovery time, treatment time, or treatment were excessive or outside the "normal" range would in essence comment on Plaintiff's credibility, prejudice the jury and, absent proper evidence, permit unfounded jury speculation. Therefore, this evidence should be excluded by the court.

13. **DEFENDANT SHOULD NOT BE ALLOWED TO OFFER EVIDENCE OR ARGUMENT REGARDING REFERENCE TO ANY INJURY, ILLNESS, TREATMENT OR COMPLAINTS TO ANY AREA OF PLAINTIFF'S BODY OTHER THAN THOSE INJURED AS A RESULT OF THIS INCIDENT.**

It is well settled in Illinois that "a tortfeasor is liable for the injuries he causes, even though the injuries consist of the aggravation of a preexisting condition." Balestri v. Terminal Freight Cooperative Association et al., 76 Ill. 2d 451, 455 (1979) (citing Chicago City Railway Co. v. Saxby, 213 Ill. 274 (1904)). Damages are not reduced "because the disability was due in part to a preexisting condition or for the reason that plaintiff, because of a preexisting condition, was more susceptible to injury than an individual would have been without [it]." Id. at 456.

Because Plaintiff's damages are not reduced because of a preexisting condition, evidence of such a condition, or reference to any area of Plaintiff's body other than her right knee, right leg and ribs are not relevant. Regardless of a preexisting condition, Plaintiff is entitled to recover for the entire injury resulting from Defendant's negligence. Allowing Defendant to introduce evidence or arguments regarding a preexisting condition or any area of Plaintiff's body other than

those relevant to the suit would imply to the jury that Plaintiff has a history of claims or that Plaintiff's injuries were not caused by the accident, and would consequently be prejudicial and improper. Therefore, the court should exclude such evidence or arguments.

14. <u>DEFENDANT SHOULD NOT BE ALLOWED TO OFFER ANY EVIDENCE OR ARGUMENT REGARDING PERSONAL OR FINANCIALLY RELATED GENERALITIES OF INJURED LITIGANTS IN GENERAL, INCLUDING BUT NOT LIMITED TO, SECONDARY GAIN AND COMPENSATION NEUROSIS.</u>

It is anticipated that at trial Defendant will attempt to offer evidence concerning a theory of secondary gain, sometimes referred to as compensation neurosis, to impute improper motives (i.e. money, attention, etc.) to Plaintiff and then argue such motives are a sufficient evidentiary basis for the jury to not award significant damages to Plaintiff.

Generally, only evidence that is relevant to the matter in question is admissible. *Fettson v. James*, 298 Ill. App. 3d 77, 83 (1997). In this case, statements about unidentified people with unidentified injuries and complaints are irrelevant to whether Plaintiff continues to suffer from her injuries. Similarly, what other people do or what general indications of secondary gain could be are irrelevant to the injuries and claims of Ms. MARTINEZ. Furthermore, Defendant has not designated any expert witnesses to testify as to the concept of secondary gain. Defendant did not even have a routine defense medical examination conducted on Plaintiff, let alone an examination pertinent to secondary gain. Instead, it is anticipated that Defendant simply intends to attempt to introduce unsubstantiated generalities and argue that the jury use their "common sense" and find that Plaintiff is motivated by secondary gain and not legitimate recovery for injuries caused in the collision.

Defendant simply wants to place insufficient information, and implication and inferences drawn from it, without any proper basis, about secondary gain before the jury so that it may engage in speculative prejudice. The admission of such material should therefore be excluded from trial.

15. DEFENDANT SHOULD NOT BE ALLOWED TO OFFER EVIDENCE OR ARGUMENT REGARDING PRIOR LAWSUITS, SETTLEMENTS OR CLAIMS FOR INJURIES, INCLUDING WORKERS' COMPENSATION CLAIMS, TO ANY AREA OF PLAINTIFF'S BODY OTHER THAN HER RIGHT KNEE, RIGHT LEG AND RIBS.

Evidence or argument regarding prior lawsuits, settlements or claims for injuries to any area of Plaintiff's body other than her neck, back, eye and head, is irrelevant to the current lawsuit. In Fettson, the court agreed with the trial court that the amount of damages claimed by Plaintiff in a prior, unrelated lawsuit was not a relevant issue in the current case, and that defendants were therefore not prejudiced by its exclusion. Fettson v. James, 298 Ill. App. 3d 77, 83 (1997). Likewise, any prior lawsuits, settlements, or claims regarding any area of MS. MARTINEZ' body other than her neck, back, eye and head, is unrelated to the current matter, which involves a claim for damages to only those areas. Therefore, any evidence or argument regarding prior claims to other areas of MS. MARTINEZ' body are not relevant to the current claim and are inadmissible.

16. DEFENDANT SHOULD NOT BE ALLOWED TO OFFER ANY EVIDENCE OR ARGUMENT REGARDING DEMANDS FOR SETTLEMENT, OFFERS MADE OR OTHER NEGOTIATIONS TO RESOLVE THE CLAIMS BETWEEN THE PARTIES.

Settlement negotiations are inadmissible. Wehmeier v. UNR Industries, Inc., 213 Ill. App. 3d 6, 25 (4TH Dist. 1991) (citing Bowman v. Illinois Central R.R. Co., 11 Ill. 2d 186 (1957). The exception to this rule is that admissions to other facts made during settlement negotiations may be admissible. Id. This exception is inapplicable here, and thus any evidence or arguments regarding settlement negotiations are inadmissible and should be excluded by the Court.

17. DEFENDANT SHOULD NOT BE ALLOWED TO OFFER ANY EVIDENCE OR ARGUMENT SUGGESTING IN ANY MANNER THAT PLAINTIFF'S LAWSUIT AND CLAIMS, OR LAWSUITS AND CLAIMS LIKE THOSE BROUGHT BY PLAINTIFFS, ARE IMPROPER.

Plaintiff anticipates that Defendant's counsel will state directly or imply to the jury that Plaintiff's claims are "frivolous," "drive up rates," "affect us all," "waste time," "clog the courts" or make statements of similar import in order to prejudice the jury against Plaintiff's right to have her grievance addressed by our justice system. Allowing such conduct would amount to

prejudicial error and should not be permitted.

27.  **PLAINTIFF'S COUNSEL MAY ASK LEADING QUESTIONS ON DIRECT EXAMINATION WITH RESPECT TO UNCONTESTED FACTS; INCLUDING QUESTIONS RELATING TO PLAINTIFF'S DATES OF TREATMENT, LOCATION OF TREATMENT, TREATER/FACILITY, AND THE AMOUNT OF BILLS/INVOICES.**

Plaintiff counsel may ask leading questions on direct examination of Plaintiff with respect to uncontested facts; including questions relating to Plaintiff's dates of treatment, location of treatment, treating doctor/facility, and the amount of bills/invoices. It is well-established that the allowance of leading questions rests within the sound discretion of the trial court and that a court's determination will not be reversed absent an abuse of that discretion to the detriment of the opposing party. See Waukegan Park District v. First National Bank of Lake Forest, 22 Ill.2d 238, 174 N.E.2d 824 (1961); Selby v. Danville Pepsi-Cola Bottling Co., 169 Ill.App.3d 427, 523 N.E.2d 697, 119 Ill.Dec. 941 (4th Dist. 1988). In the interest of judicial economy, Plaintiff's counsel should be allowed to ask leading questions of the Plaintiff during direct examination on these issues.

30.  **PLAINTIFF'S MOTION *IN LIMINE* No. 30 TO USE THE I.P.I. INSTRUCTIONS ON ORDINARY NEGLIGENCE AND NOT PREMISES LIABILITY**

This is a case involving a trip-and-fall at Menard. Plaintiff has the burden of proof, and she may proceed under whatever theory of liability she chooses. *See Reed v. Wal-Mart Stores, Inc.*, 298 Ill.App.3d 712 (4th Dist. 1998). In a case like this, there are three options: ordinary negligence, premises liability, or both. Plaintiff has opted to proceed under a theory of ordinary negligence only. Therefore, the instructions that are presented to the jury should be simply those regarding ordinary negligence. No instructions on premises liability should be allowed. Assuming arguendo, even if that was the nature of the defendant's defense, the ordinary negligence instructions would still apply, not premised liability instructions, and any issue of an open and obvious defect would simply go to the affirmative defense of comparative negligence. *See Wind v. Hy-Vee Stores, Inc.*, 272 Ill.App.3d 149 (3d Dist. 1995). Based on the Plaintiff's theory of pleading only ordinary

negligence, the I.P.I. jury instructions that correspond with that theory should be the only ones read to the jury. Any attempt by the defendant to impose a premises liability instruction in this matter would be improper and should be rejected by this Court.

    WHEREFORE, plaintiff, RHONDA M. OLIVA, respectfully requests that this court enter an Order directing defendant's counsel not to mention, refer to, interrogate concerning, allow any voluntary answer, or attempt to convey to or before the jury, at any time during these proceedings in any manner, either directly or indirectly, the subject matter stated above without first informing the Court and obtaining permission of the Court outside the presence and hearing of the jury, and further instruct defendant's counsel not to make any reference to the fact that this motion has been filed, argued or ruled upon by this Court, and further, that each respective counsel be instructed to warn and caution each and every witness appearing during their phase of this litigation to strictly comply with the ruling of this Court.

                                                                     Respectfully submitted,

                                                                       THE LAW OFFICE OF TIMOTHY J. DEFFET

                    By:    /s/Timothy J. Deffet
                            Attorney for Plaintiff


ARDC#6255823
Timothy J. Deffet
ATTORNEY FOR PLAINTIFF
THE LAW OFFICE OF TIMOTHY J. DEFFET
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
(773) 627-4719
timdeffetlaw@outlook.com

## CERTIFICATE FILING AND PROOF OF SERVICE

      I hereby certify that on Feb. 3, 2025, I electronically filed the foregoing **PLAINTIFF OLIVA'S MOTIONS IN LIMINE 1 THROUGH 32,** with the Clerk of the Court using the CM/ECF System, which will send notifications of such to all attorneys of record, and via email to all:

OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
W. Anthony Andrews
Joseph S. Davidson
John Motylinski
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com
jmotylinski@ottosenlaw.com
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
(630) 682-0085