# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RHONDA M. OLIVA,<br>   Plaintiff<br><br> v.<br><br>MENARD, INC.,<br>   Defendant | No. 22-cv-2512<br><br>Judge Jeremy C. Daniel |

## ORDER

This order supplements the Court's rulings at the Final Pretrial Conference.

## STATEMENT

<u>Witness availability</u>. At the Final Pretrial Conference, the plaintiff noted that one of her witnesses, Dr. Kevin Luke, is not available until March 20, 2025. Initially, the Court stated that was fine because this will be a bench trial and taking witnesses out of order is not a problem. However, the defendant subsequently voiced concern about allowing Dr. Luke to testify on March 20, 2025. The defendant intends to recall a witness, Dr. Michael Treister, to rebut Dr. Luke's testimony. Dr. Treister necessarily has to testify after Dr. Luke and the defendant is not sure whether Dr. Treister is available March 20, 2025. The defendant shall confer with Dr. Treister to determine whether he is available on March 20th or the morning of March 21st. At the same time, the plaintiff shall confer with Dr. Luke to determine whether Dr. Luke is available to testify March 17th or March 18th. Each party shall file a status report concerning the availability of their respective witnesses on or before March 5, 2025.

The Court notes that trial has been set in this case since September 12, 2024. (R. 120.) The plaintiff should have been prepared to start presenting her case on March 17th and to continue presenting her case until done. To the extent the Court is able to, it will accommodate witness schedules. But the expectation remains that the plaintiff will present her case as scheduled.

The plaintiff also noted that she has been unable to contact several witnesses. These witnesses are identified with the defendant, but the defendant maintains that it does not have control of any of these witnesses. No later than March 5, 2025, the defendant shall disclose to the plaintiff any contact information it has for these witnesses (Katherine Reimer, Timothy Owens, and Jesus Nieto).

Advisory jury. The plaintiff's motion for an advisory jury under Rule 39(c)is denied. Rule 39(c) permits an advisory jury "in an action not triable of right by a jury." The Court understands Rule 39(c) to refer to actions that sound in equity—not law. *See, e.g., Yatvin v. Madison Metro. Sch. Dist.*, 840 F.2d 412, 418 (7th Cir. 1988) (describing an advisory jury as "a hallowed institution in equity cases"). This is an action in law that seeks money damages. It was triable as of right by a jury; but neither party made a jury demand. That places this case under Rule 39(b). The Court has already denied the plaintiff's motion for a jury trial under Rule 39(b). (R. 131.) Even if Rule 39(c) applied, the Court would deny the motion for an advisory jury. The Court notes that plaintiff's counsel persists in his claim that the failure to file a jury demand was inadvertent, (R. 132 at 1), even though the Court has found that "the plaintiff cannot credibly contend that her failure to demand a jury trial was inadvertent." (R. 131 at 2.) Even if the initial failure was inadvertent, plaintiff's counsel knew of the purported oversight when he signed and filed a status report that answered the following question: "Have any of the parties demanded a jury trial? **Not as of yet.**" (R. 3 at 6 (emphasis added).) This undercuts any claim of inadvertence, and amplifies the plaintiff's delay in seeking a jury trial. The plaintiff's delay in seeking to remedy any purported oversight, the inconvenience to the prospective jurors to sit through a trial where the Court can readily resolve the issues, the prejudice to the defendant, and the decreased judicial efficiency that comes with selecting, seating, and accommodating a jury during a trial counsel against the plaintiff's motion. Therefore, the Court declines to seat an advisory jury.

Settlement. To the extent that the parties are exploring settlement, they should know that the Court will not continue the trial for purposes of settlement. Come March 17th, the plaintiff should expect to either dismiss her case (because the parties settled) or present her case.

Motions in limine. The following is a summary of the Court's rulings at the final pretrial conference on the parties' contested motions in limine. The Court provided the reasons for the rulings on the record. Where necessary, the Court supplements its oral rulings below.

| Motion | Ruling |
| --- | --- |
| Plaintiff's 7 | Denied |
| Plaintiff's 11 | Denied without prejudice |
| Plaintiff's 12 | Denied without prejudice |
| Plaintiff's 13 | Denied |
| Plaintiff's 14 | Granted |
| Plaintiff's 24 | Granted |
| Plaintiff's 26 | Granted in part and denied without prejudice in part. The Court grants the motion to the extent it seeks to prevent impeachment of a witness with something other those materials authorized under the Federal Rules of Evidence. |
| Plaintiff's 28 | Denied without prejudice |
| Plaintiff's 29 | Granted in part and denied without prejudice in part. |
| Plaintiff's 30 | Withdrawn |
| Plaintiff's 31 | Denied without prejudice |
| Plaintiff's 32 | Denied without prejudice |
| Defendant's 2 | Denied without prejudice |
| Defendant's 3 | Denied without prejudice |
| Defendant's 4 | Denied without prejudice |
| Defendant's 5 | Denied without prejudice |
| Defendant's 6 | Withdrawn |
| Defendant's 7 | Withdrawn |
| Defendant's 8 | Taken under advisement |
| Defendant's 9 | Denied without prejudice. The defendant cites *Culli v. Marathon Co.*, 862 F. 2d 119, 126 (7th Cir. 1988) in support of its motion. *Culli* dealt with a pattern of conduct or recurring incident that would constitute constructive notice of a dangerous condition. According to the plaintiff, she intends to introduce evidence that similar conditions existed two weeks prior, which may establish such a pattern or recurrence. |
| Defendant's 10 | Granted |
| Defendant's 11 | Withdrawn |

Date: February 28, 2025

JEREMY C. DANIEL
United States District Judge