IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA M. OLIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| exe | ) | |
| v. | ) | Case No: 1:22-cv-02512 |
| | ) | |
| MENARD, INC. | ) | The Honorable Judge Jeremy C. Daniel |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF THE PETRILLO DOCTRINE and HOSPITAL LICENSING ACT**

      NOW COMES the Plaintiff, RHONDA M. OLIVA by her attorney, TIMOTHY J. DEFFET OF THE LAW OFFICE OF TIMOTHY J. DEFFET, and for her Brief in Support of the states as follows:

   I.   **The Defense Asked for Ruling by The Court to Use Ex-Parte contact Absent a Subpoena and After Being Told They Could Not Do So Did it Anyway.**

1. On March 19, 2025, defense counsel, after being given permission to subpoena additional undisclosed medical witnesses (for trial on April 11, 2025) asked for a ruling from the Court to contact these witnesses orally and was told no.

2. Despite same, defense did again speak to potential witnesses for Plaintiff's medical providers including unnamed Advocate and Athletico representatives as the attached email from April 2, 2025 demonstrates. (See Ex. 1).

3. Defendants *do not have any executed medical authorization* from the Plaintiff. They previously issued medical records subpoenas in this case, without a protective order.

   II.   **Judge Jeffrey T. Gilbert in the NDIL Has Previously Denied Ex-Parte Contact with Plaintiff Medical Providers in medical malpractice cases based on diversity**

4. On Feb. 26, 2013, Judge Jeffrey T. Gilbert denied (Kirkland v. Siglove, DuPage Medical Group et. al. Case# 11-CV-07285), defendant's motion for ex-parte contact with Plaintiff's medical providers in a diversity medical malpractice action based on *Petrillo v. Syntex Lab, Inc.*, 148 Ill. App. 3d 581 (1st Dist. 1986), cert. denied 113 Ill. 2d 584 (1987). and Illinois Supreme Court case, *Burger v. Lutheran Gen. Hosp.*, Nos. 89643, 89644 (Ill., Oct. 18, 2001). (See Ex. 2, Feb. 26. 2013 Order-Docket#48- Case# 11-CV-07285).

### III. Authorization of Ex-Parte Physician Communication by Courts

5. The Illinois rule regarding ex-parte communications with physicians was handed down in the landmark decision *Petrillo v. Syntex Lab, Inc.*, 148 Ill. App. 3d 581 (1st Dist. 1986), cert. denied 113 Ill. 2d 584 (1987). In *Petrillo*, the court ruled that "ex parte conferences between defense counsel and a plaintiff's treating physician undermine the confidentiality of the physician-patient relationship." The court determined that the sole procedure for a defendant to ascertain the substance of physician-patient communications is through the formal discovery process.

### IV. Multiple States Have Stated that there are Attorney Ethical Violations for Defense attorneys to have ex-parte contacts with Plaintiff's Treating Medical Personnel

6. In multiple jurisdictions, formal and informal ethics opinions from other States (which have a physician patient-privilege statute like Illinois) have consistently held that it is unethical for a defense attorney to engage in ex-parte conferences with a plaintiff's treating physician. See, e.g., Committee on Professional Ethics of the Bar Association of Nassau County, Opinion 82-2 (January 6, 1982); Committee on Professional and Judicial Ethics of the State Bar Association of Michigan, Informal Opinion CI587 (December 12, 1980); San Diego County Bar Association Legal Ethics and Unlawful Practices Committee, Opinion 1983-9 (1983); Akron Bar Association Ethics Committee, Opinion 11 (December, 1983). *Petrillo v. Syntex Laboratories, Inc.*, 148 Ill. App. 3d 581, 600 (Ill. App. Ct. 1986).

7. See also June 24, 2016 Judge Lynn M. Egan and Judge William E. Gomilinski's *Petrillo and Hospital Licensing Act=Lawyers Beware* (See Ex. 3.)

### V. SANCTIONS

8. Using a risk manager to circumvent the Petrillo doctrine is sanctionable. Use of corporate structure to circumvent the Petrillo Doctrine. Testin v. Dreyer Medical Clinic, 238 Ill.App.3d 883, 605 N.E.2d 1070 (2nd Dist. 1992); Ritter v. Rush-Presbyterian-St. Luke's Medical Center, 177 Ill.App.3d 313, 532 N.E.2d 327 (1st Dist. 1988).

9. Sanctions and penalties available when a Petrillo violation has occurred covers a broad range and are discretionary with the trial court. Such penalties include: a) Barring defense counsel's cross examination of the treating physician. Schlueter v. Barbeau, 634 N.E.2d 1325, 262 Ill.App.3d 629, 199 Ill.Dec. 971 (Ill. App. 1994) ("…the trial court erred in refusing to impose sanctions. We reverse. On retrial defendant is not to be allowed to present Dr. Huddleston.") b) Barring the defendant's medical testimony. Nastasi v. United Mine Workers of America Union Hosp., 567 N.E.2d 1358, 209 Ill.App.3d 830, 153 Ill.Dec. 900 (Ill. App. 1991) ("…sanctions should be imposed as follows: the court should bar the testimony of defendant's expert,…"); c) Barring all defense medical testimony and awarding attorney's fees and costs. Ritter v. Rush-Presbyterian-St. Luke's Medical Center, 532 N.E.2d 327, 177 Ill.App.3d 313, 126 Ill.Dec. 642 (Ill. App. 1988)("the trial court barred Rush from calling plaintiff's treating physicians as witnesses in its case in chief and awarded plaintiff attorney fees of $1,050 and $164 in court costs."); d) Barring the use of medical records and cross examination of medical witnesses. Lewis v. Illinois Cent. R. Co., 600 N.E.2d 504, 234 Ill.App.3d 669, 175 Ill.Dec. 573 (Ill. App. 1992Reversal of the judgment in favor of the defendant and the award of a new trial. Yates v. El-Deiry (1987), 160 Ill.App.3d 198, 204,

    513 N.E.2d 519, 523." Nastasi v. United Mine Workers of America Union Hospital, 209 Ill.App.3d 830, 838-39, 153 Ill.Dec. 900, 567 N.E.2d 1358 (1991). Moss v. Amira, 826 N.E.2d 1001, 356 Ill. App.3d 701, 292 Ill.Dec. 565 (Ill. App. 2005); Schlueter, supra; Pourchot v. Commonwealth Edison Co., 587 N.E.2d 589.

10. Barring defense expert, imposing monetary sanctions, barring cross examinations of treating physicians and allowing discovery deposition use. Nastasi v. United Mine Workers of America Union Hosp., 567 N.E.2d 1358, 209 Ill.App.3d 830, 153 Ill.Dec. 900 (Ill. App. 1991) Cozad v. CHW Displays, Inc., 2015 IL App (4th) 140294-U (Ill. App. 2015) ("The trial court abused its discretion and committed reversible error by allowing Kohn to testify. Allowing him to testify in return for his hollow assurance that he would purge his mind of the depositions from Region 8 undervalued "the sanctity and confidentiality of the doctor-patient relationship.") Disqualification has been suggested and ordered by various courts. Pourchot, supra, (ethical violation); Mertz v Dial Corporation, 942- 01493 (St. Louis Circuit Court 1996)(Roberts Perryman firm disqualified and ordered to refrain from any communications with new defense counsel).

    WHEREFORE, plaintiff, RHONDA M. OLIVA, respectfully requests that this court enter an Order in favor of Plaintiff.

                              Respectfully submitted,

                              THE LAW OFFICE OF TIMOTHY J. DEFFET

               By:    /s/Timothy J. Deffet
                       Attorney for Plaintiff

ARDC#6255823
Timothy J. Deffet
ATTORNEY FOR PLAINTIFF
THE LAW OFFICE OF TIMOTHY J. DEFFET
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
(773) 627-4719
timdeffetlaw@outlook.com

### CERTIFICATE FILING AND PROOF OF SERVICE

      I Timothy J. Deffet, hereby certify that on April 8, 2025, I electronically filed the foregoing **PLAINTIFF OLIVA'S BRIEF IN SUPPORT OF THE PETRILLO DOCTRINE,** with the Clerk of the Court using the CM/ECF System, which will send notifications of such to all attorneys of record, and via email to all:

OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
W. Anthony Andrews
Joseph S. Davidson
John Motylinski
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com
jmotylinski@ottosenlaw.com
1804 North Naper Boulevard, Suite 350
Naperville, Illinois 60563
(630) 682-0085